## LAMBARD *versus* PIKE.

An officer returned that he had attached "as the property of defendants, all the right, title and interest that they have to a grist-mill, standing in the town of M." — *Held;* if it appear that the defendants had an interest in one grist-mill in that town, the attachment was valid to hold that mill, unless it appear, that they had also an interest in some other grist-mill in the same town.

Though a debtor, at the time of his indebtment, held a conditional bond for a conveyance of real estate, yet if he had *bona fide* transferred it prior to the attachment of his interest in the land by the creditor, the attachment is of no effect.

Though, *after such transfer,* the officer having the writ with orders to attach, should neglect to make the attachment, he would not be accountable to the creditor for the neglect even to the amount of nominal damage.

If a creditor in taking judgment for a lien claim include with it, in the judgment, another claim, to which no lien attached, the lien is thereby waived and defeated.

A stove with its funnel cannot be considered as materials for the repair of a building, within the meaning of the statutes of lien.

ON REPORT from *Nisi Prius,* HOWARD, J. presiding.

The case was submitted to the court with power to draw inferences of fact. So far as the matters presented in argument were decided, the character and facts of the case are too fully stated in the decision, to justify the taking of room for the recital of them here.

SHEPLEY, C. J. — The action is case against a former sheriff of the county of Somerset for the default of his deputy, Seth Greenleaf, in omitting to make an attachment of the estate of Elijah D. Johnson and Samuel Soule, on a writ in favor of the plaintiff against them. The name of Samuel Soule was erased and judgment was in that suit recovered against Johnson alone. The execution issued thereon was afterward in the hands of the defendant, and it was by him returned in no part satisfied.

There is no count in the declaration charging the defendant with personal neglect or misconduct in relation to the execution. The action can be maintained only upon proof of default by his deputy in making service of the writ.

The deputy was by written instructions directed to attach

" defendant's real estate, particularly their interest in the grist-mill operated by them." On the same day he made his return of an attachment in the following words : — "I have attached as the property of the within named defendants all the right, title and interest, that Elijah D. Johnson and Samuel Soule has to a grist-mill now standing in Mercer in said county of Somerset".

The argument for the plaintiff assumes, that no valid attachment was made of those defendants' title to or estate in the mill and privilege ; and this does not appear to be denied in the argument for the defendant. It should however be noticed, lest an inference should be drawn, that the Court had so decided.

This Court has decided that an attachment " of all the right, title and interest" which a debtor " has to real estate" in a town or county named is valid and sufficient to create a lien upon the debtor's estate therein. *Crosby* v. *Allyn,* 5 Greenl. 458 ; *Roberts* v. *Bourne,* 23 Maine, 165. Technical accuracy or the most appropriate phraseology is not to be expected in such returns. They will be sufficient if the purpose be clearly made known by the language used. It may be no valid objection to the sufficiency of the return, that their interest in " a grist-mill" was attached. By the conveyance of a mill the land, on which it stood, was held to have been also conveyed. *Blake* v. *Clark,* 6 Greenl. 436. The attachment may not be void for uncertainty, because their interest in " a grist-mill now standing in Mercer" was attached.

This might be too uncertain, in a conveyance, especially if it should appear, that they had an interest in more than one grist-mill in that town ; but it would give information, that their interest in any grist-mill situated in that town was attached, and if there did not appear to have been more than one, the estate attached might be rendered certain.

If the words " as the property of the within named defendants" were omitted ; the remaining language might be sufficient to make a valid attachment of their interest in the mill and privilege. Those words would not restrict the mean-

ing of the other words used. The word "property" is not applicable to personal estate only. Its use by the officer would not determine the kind of property attached.

Elijah D. Johnson does not appear to have had any attachable estate or interest in the mill or privilege at the time when the writ and attachment were made on August 10, 1846. He conveyed one undivided half of the mill and privilege, being all which he had before owned, to Leonard W. Russell in September, 1844, by a deed, which was recorded on March 28, 1845. On November 4, 1844, Russell by a written contract engaged to convey the same to Johnson upon payment of certain sums of money named. On March 24, 1846, this contract was canceled and surrendered, and another made, by which Russell promised to convey the same to Johnson upon payment within one year of certain sums of money named therein. This contract was assigned by Johnson on July 17, 1846, to Henry True. The interest, which a debtor has in real estate by such a contract, may by the provisions of the statute, chap. 114, sect. 73, be attached. But he can have no interest after the contract has been assigned without fraud. An attachment may be made after an assignment, but it can be available only on the ground, that the debtor's interest in the contract really remains, after it has been apparently assigned. In such case the creditor may have a remedy by the provisions of the act approved on July 31, 1847, chap. 21, sect. 3. No proof is presented in this case, that the assignment made by Johnson to True was fraudulent or invalid; and without it there is nothing to show, that Johnson had any attachable interest in that estate at the time of the service of the writ.

There is another ground upon which the plaintiff rests his claim to recover damages. Samuel Soule was the owner of one undivided half of the mill and privilege. The mill needed repair. In the year 1845 he made a written contract with Johnson to repair his half. The mill was accordingly repaired by Johnson during the years 1845 and 1846. The plaintiff claims a lien upon Soule's half to pay the amount of his ac-

count against Johnson for articles furnished for repair of the mill.    Among the items of that account, are found charges for a cylinder stove and funnel, amounting to $21,70.

Without entering upon an inquiry whether the provisions of the statute, chap. 125, sect. 37 and 38, can for any practical purpose be enforced upon the estate of a person against whom no judgment can be recovered or execution issued, it will be sufficient for this case to observe, that a cylinder stove and funnel cannot constitute materials for the repair of a building or mill, in the sense contemplated by the statute.    If placed in the mill, it would be but a fixture used for its comfortable occupation.    To create a lien, the materials must be used for erecting, altering or repairing the building ; must be so applied as to constitute a part of the building.    It will not be sufficient that they be placed in it for its more convenient use. The Court being authorized by the report to draw such inferences as a jury might, may properly decide this question.

If a person having an account due for labor or materials furnished, payment of which would be secured by a lien, could combine with it other claims not thus secured and obtain judgment for the whole amount and enforce the collection of that judgment, by taking the estate subjected to the lien, the effect might be, that he would collect a debt due only from one person from the estate of another, not subjected to a lien for part of the debt.

If the attachment in this case had been sufficient, and the execution obtained against Johnson could have been collected from the estate of Soule, he might have been compelled to pay a debt due from Johnson for the stove and funnel, for the payment of which his estate could not have been liable.

If it could be considered, that the deputy did not perform his duty by making a valid attachment of the estate, the plaintiff could not have been injured thereby, for the debtor does not appear to have had any attachable interest therein, and the execution recovered in that suit could not have been collected from the estate of Soule.

If the officer be proved to have been guilty of a neglect of

Lambard *v.* Pike.

duty, it is said, that the plaintiff is entitled to recover nominal damages without proof that any have been occasioned by such neglect.

The principle, upon which one person is entitled to maintain an action on the case against another, on account of the commission of some illegal or wrongful act, is, that he has thereby suffered injury.

The action cannot be maintained by proof alone, that the other person has conducted illegally or wrongfully. He must proceed further and show, that he has suffered injury in consequence of such conduct.

The law may indeed infer, that he has suffered damages from proof of certain acts, from which it is perceived, that damages would ordinarily be occasioned. The cases cited and relied upon decide, that the law will infer, that an execution creditor suffers some damage from the neglect of an officer to return his execution in due season. In such cases it can be perceived, that he could not obtain a renewal of his execution, or otherwise collect his debt without some delay or inconvenience.

When the case presented does not exhibit any facts, from which it can be inferred, that any delay, inconvenience, or other injury, has been suffered ; and especially, when the facts, as in the present case, exclude such an inference, and show, that the neglect did not occasion any damage, no judgment for damages could be rendered, without a violation of principle, and the rights of a party.

It will not be necessary to notice the other questions presented by the report.

*Plaintiff nonsuit.*

*J. H. Williams,* for the plaintiff.

*J. S. Abbott,* for the defendant.