## CHESHIRE PROVIDENT INSTITUTION *v.* STONE.

The owner of real estate mortgaged it while a builder was in process of erecting a house thereon under a contract previously made with the owner. The mortgage was seasonably recorded, but the builder had no actual notice of its existence. The mortgagee, at the time of taking the mortgage, was chargeable with notice that the builder was erecting the house under a previous contract with the owner. The builder completed the house without objection on the part of the mortgagee. *Held*, that, under Gen. Stats., chapter 125, the builder had a lien superior to the mortgage for all that he did by virtue of the contract,—for what was done after the execution of the mortgage, as well as for what was done before.

Proof that a mortgagee, at the time of taking his mortgage, knew that a house was being built upon the premises by some person, is sufficient to justify a finding of the fact that the mortgagee was put upon inquiry as to the existence of a builder's contract and a builder's lien.

A builder, whose lien was superior to that of a mortgagee, brought an action to enforce his lien, and, without any fraudulent purpose, included in his judgment a claim for a small amount to which no right of lien attached. The builder, having levied an execution on the premises, the mortgagee brought a writ of entry against him, contending that he had forfeited his lien. *Held*, that the builder's lien could retain precedence over the mortgage, if the builder would pay to the mortgagee the amount thus erroneously included in his judgment.

WRIT OF ENTRY, by the Cheshire Provident Institution for Savings against Abel A. Stone, on mortgages from Gladden and wife. Plea, *nul disseizin*, as to three undivided fourth parts of the premises. Trial by the court.

It appeared that the land was originally the property of Mrs. Harriet K. Gladden, who, with her husband, mortgaged it to the plaintiffs January 8, 1870, and again, January 29, 1870. These mortgages were duly recorded on the days of their respective dates.

In November, 1869, the defendant, Stone, made a contract with Mrs. Harriet K. Gladden to build a house on this land upon a plan specified; and he entered upon the work about November 15, 1869. He completed the cellar, put on a brick underpinning, built the chimneys, put up the frame, and boarded and shingled it before the first mortgage. About the middle of April, 1870, he finished the house under the contract, and within thirty days thereafter commenced a suit against Mrs. Gladden, in which the premises were duly attached to secure a mechanic's lien. In this suit, judgment was rendered in Stone's favor for $1,460 damages. Of this amount, $35.82 was for extra services not required by the contract. The balance ($1,424.18) was for labor performed and materials furnished under the contract. There was no suggestion that the items for extras were included in the judgment with any fraudulent purpose. Three undivided fourth parts of the premises were set off to Stone upon a levy of an execution issued upon this judgment, in full satisfaction of the execution.

The court found that Stone had no actual notice of the mortgages, and that the plaintiffs had no notice of Stone's lien when the money was loaned and the mortgages taken, unless deemed to be put upon inquiry by a knowledge of the fact that the house was being built by some person.

The court, *pro forma*, found a general verdict for the defendant, subject to the opinion of the whole court on the foregoing case, and made the order,—" Questions reserved for the whole court."

*Wheeler & Faulkner*, for the plaintiffs.

*Lane & Healey*, for the defendant.

SMITH, J. " Any person who, by himself or others, shall perform labor or furnish materials to the amount of fifteen dollars or more, for erecting, altering, or repairing a house, or other building or appurtenances, by virtue of a contract with the owner thereof, shall have a lien thereon, and on any right of the owner to the lot of land on which said house, building, or appurtenances stand." Gen. Stats., ch. 125, sect. 11. " Such lien shall continue for the term of sixty days after such labor performed or materials furnished, unless payment is previously made, and may be secured by an attachment of such building and land, the return distinctly expressing that purpose." Gen. Stats., ch. 125, sec. 12, as amended by P. L. 1868, ch. 1, sec. 38.

The defendant claims that he has a lien for work done subsequent to the execution of the mortgages, but under a contract made prior to that time, which takes precedence of the mortgages.

We understand that the judge, who tried the case without a jury, reserved for the whole court the question of fact whether the plaintiffs are to be deemed to have been put upon inquiry " by a knowledge of the fact that the house was being built by some person." As matter of fact, we find that the plaintiffs were thus put upon inquiry. Upon reasonable inquiry, they would undoubtedly have learned of the existence of the contract between the mortgagor and the defendant. As they are chargeable with notice of all they would have learned on such inquiry, the case stands as if they had had actual knowledge of the contract. In its legal aspect, then, the case is this : the plaintiffs took a mortgage of the premises, knowing that the defendant was building a house thereon under a contract previously made with the owner ; they suffered him to go on and complete the work required by the contract without objection on their part, and without actual knowledge, on his part, of the existence of the mortgage ; and they then claimed to hold the results of his labor performed after the date of their mortgage, without compensating him therefor. Upon this state of facts, we are of opinion that the defendant had a lien which took precedence of the mortgages for all that he did " by virtue of the contract,"—for what was done after the execution of the mortgages, as well as for what was done before.

In this view of the case, the defendant originally had a lien, superior to the mortgages, for $1,424.18. He took judgment for $1,460, including $35.82 not secured by lien ; and it was on this judgment that the execution issued under which the defendant now claims title. It is clear that the defendant cannot enforce the collection of his entire judgment in such a manner as to give the claim for $35.82 preference over the plaintiffs' mortgage,—for, as to that part of the defendant's demand, the mortgage has priority. Lambard v. Pike, 33 Me. 141, Shepley, C. J., p. 144 ; Bicknell v. Trickey, 34 Me. 273 ; Johnson v. Pike, 35 Me. 291. But, as this sum of $35.82 was not included in the judgment with any fraudulent purpose, we are not inclined to hold that the defendant has irretrievably forfeited the right to enforce his lien for the balance of $1,424.18. If there were any ground for imputing fraud to the defendant, the result would be different. Page v. Jewett, 46 N. H. 441. But in this case there is not even a suggestion of fraud.

The court can relieve the defendant by vacating the judgment for $1,460 rendered in his favor in the suit against Gladden. Judge of Probate v. Webster, 46 N. H. 518 ; Chase v. Wyeth, 17 N. H. 486. He can, then, obtain a new judgment in that suit for $1,424.18, levy his execution on the premises, and set up the title so acquired in bar of the further maintenance of the present action. This circuitous and dilatory proceeding is not, however, the only mode of relief open to the defendant. The same practical result can be obtained by a shorter

process.   If the defendant will pay to the plaintiffs the sum of $35.82, they will no longer have just cause to complain.   See *Avery* v. *Bowman*, 40 N. H. 453, FOWLER, J., pp. 458, 459.   If such payment is seasonably made, the defendant can have

*Judgment on the verdict.*