STATE SASH & DOOR MANUFACTURING COMPANY *vs.* NORWEGIAN-DANISH EVANGELICAL LUTHERAN AUGSBURG SEMINARY, impleaded, etc.

January 16, 1891.

**Mechanic's Lien — Material Furnished at Different Times — Entire Transaction — Time for Filing Statement.**—While material was being supplied from time to time, as needed, for the construction of a building, pursuant to a contract not specifying the price, certain material was supplied for the same purpose upon an agreement then made between the same parties specifying the price. *Held* that, so far as concerns the right of lien, the furnishing of all the material may be treated as an entire transaction, and the filing of the lien account within the prescribed time after the last delivery is sufficient.

Appeal by defendant from an order of the district court for Hennepin county, refusing a new trial after a trial before *Rea*, J., and judgment ordered for plaintiff establishing a lien for $900.37 on real estate of defendant.

*Ueland, Shores & Holt,* for appellant.

*Michelet & Peterson,* for respondent.

DICKINSON, J.  Prior to the 3d day of September, 1888, the defendant Evans, who had contracted with the above-named defendant, the seminary, to construct a dwelling-house for it upon its land, made a verbal agreement with the plaintiff for the furnishing of material by the latter for use in the construction of the building.  There was no agreement as to the price to be paid.  Accordingly, the plaintiff did furnish building material from time to time as it was needed for use, between September 3d and November 27th, including those dates.  The value of this was $419.01.  During the period when this material was being so supplied, and on the 3d day of October, Evans further contracted with the plaintiff, in writing, for certain specified materials to be furnished for the same purpose, for the agreed price of $481.36.  These materials were delivered on the 8th day of October.  On the 27th day of May, 1889, the plaintiff filed his lien-statement, embracing all the material so furnished, and now prosecutes this action to enforce a lien therefor against the property.  The defence is that a lien should not be declared as to so much of the material as was supplied pursuant to the written contract ($481.36) on the 8th day of October, for the reason that the lien-statement was not filed within the statutory period of six months after that date.

The only important circumstance distinguishing the furnishing of these articles from those supplied under the general running account is that these were specially contracted for, and at an agreed price. They were purchased and used for the same purposes as those sold on the general account, and during the time when, pursuant to the prior agreement, the plaintiff was supplying the material for construction as it was needed for use.  So far as concerns the construction and application of the lien law, the furnishing of all the material may properly be deemed to have been substantially continuous and indistinguishable, rather than as independent transactions.  The filing of the lien-statement within six months after the completion of the delivery, treating the whole furnishing as an entirety, entitled the plaintiff to a lien for the whole.  *Miller* v. *Batchelder,* 117 Mass. 179; *Jones & Magee Lumber Co.* v. *Murphy,* 64 Iowa, 165, (19 N.

W. Rep. 898;) *Skyrme* v. *Occidental Mining Co.*, 8 Nev. 219; *Rush* v. *Able*, 90 Pa. St. 153; 2 Jones, Liens, §§ 1435, 1441.

Order affirmed.