JAMES F. DARRINGTON *vs.* ALBERT C. MOORE, land and buildings.

ELBERT L. RICHARDSON *vs.* SAME.

Androscoggin. Opinion March 5, 1896.

*Lien. Revival.*

The lien of a laborer upon a building lost by the lapse of time cannot be revived by subsequent labor upon the building not performed by virtue of a contract with owner.

ON EXCEPTIONS.

The case is sufficiently stated in the opinion.

*A. K. P. Knowlton*, for plaintiffs.

The plaintiffs ceased to labor on the premises within thirty days of the time when the notices of liens were filed in city

clerk's office.   *Turner* v. *Wentworth*, 119 Mass. 464; *Miller* v. *Batchelder*, 117 Mass. 179.

*Tascus Atwood*, for owners.

Work under an entire contract may be suspended under some circumstances by the sub-contractor for more than thirty days without being fatal to his lien; but these claimants had no contract existing, when leaving at their respective dates, that required them to resume work there or would even justify them in assuming they might return.   The resumption of work in November, fifty-three and thirty-seven days respectively, after once taking their tools away, was a new contract so far as it pertained to the building and the right to maintain liens.   Jones on Liens, § 1431.

If the work was done or the materials furnished for separate and distinct purposes, or under distinct contracts or orders, though in executing one and the same contract with the owner, there is no presumption of a continuous account, and the right of lien must date from the time of doing the different jobs of work, or furnishing the different parcels of materials.   Jones on Liens, § 435; see also *Baker* v. *Fessenden*, 71 Maine, 292.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WIS-WELL, STROUT, JJ.

HASKELL, J.    Laborers' lien upon a building.   Plaintiffs worked in the repair of the buildings of the defendant under the employment of one Moore by whom they were employed by the day, one prior to September 12, the other prior to September 28th.   At those dates they were respectively dismissed from that service and sent to work elsewhere.   More than thirty days elapsed after their dismissal, and on November 4th, Moore set them at work for one hour each, and on November 6th for three hours each.   Within thirty days after the work in November they recorded their claims for a lien; and the question is, did the work in November revive their liens for previous work then already lost.   We think not.   The labor performed was not by virtue of any contract with the owner of the building.

That, prior to September 28th, was continuous, and when it ceased the time within which it must be enforced began to run and expired before any more labor was performed, and the lien was lost. The employer's lien for the labor might continue because he was still completing his work. Suppose, after the thirty days had elapsed, the owner of the building had paid the employer of plaintiffs for their labor, should the owner be compelled to pay them also? He could examine the records and see that their lien had expired and ought to be allowed to pay their employer with safety. We think he could. In this respect the ruling below was error.

*Exception sustained.*