CHARLES C. WOODRUFF, in Equity,

*vs.*

FRANK W. HOVEY, AND SEBASTICOOK AND MOOSEHEAD RAILROAD COMPANY.

Somerset.   Opinion December 27, 1897.

*Lien.   Filing Claim.   R. S., c. 91, §§ 30, 32.*

The lien of a person furnishing labor or materials in erecting a building, as provided in R. S., c. 91, § 30, will be dissolved unless a sworn claim thereof is filed in the town clerk's office within forty days after he ceases to labor or furnish materials.

In this case the court *holds* that the plaintiff completed his contract, and that his work was accepted by the party with whom he made the contract, on the twenty-second of June, 1896, and that by reason of his failure in not filing his claim for a lien in the town clerk's office until September 8, he did not seasonably secure his lien.

A lien once lost cannot be recovered by subsequent work.

ON REPORT.

This was a' bill in equity brought by Charles C. Woodruff against Frank W. Hovey and the Sebasticook and Moosehead Rail-

road Company to establish a lien on a round house and the lot upon which it is situated in Pittsfield Village.

The bill alleges that on the ninth day of May, 1896, the said Woodruff entered into a contract with the railroad company and the said Hovey to build a round house on the land described, they being owners thereof, furnishing all the labor and material for the same for the sum of eleven hundred dollars; that while erecting said round house he entered into a further contract for additional work and material therein described; that the building and extra labor and material were satisfactory and accepted; that the last labor was performed on the seventh of August, 1896, and that within forty days after that date, he filed his lien claim with the town clerk; that there is now due him ten hundred and fifty-eight dollars and twenty-two cents, and then prays that a lien may be established, etc.

The bill was dated and filed September 9, 1896.

Woodruff further claimed that, from the time he took the contract down to the filing of the bill, he supposed that the Sebasticook and Moosehead Railroad Company owned the land. He made the contract with them alone, but first saw Mr. Hovey and told him he was going to build the round house and asked him if the company owned the land, and Mr. Hovey said they did, for which reason Mr. Hovey was made a co-defendant with a purpose of claiming that he was estopped to deny a joint liability, the record title to the land standing in his name; but later it was discovered that while the record title was in his name, the real title never was, and an amendment was made, to be allowed if necessary and proper.

The amendment discontinues as to Mr. Hovey as co-contractor and sets up instead that he had wrongfully obtained a void deed of said land and by recording same made a cloud on the title, and prays that he be ordered to release or convey same. These allegations were denied by Mr. Hovey.

The answer to bill of the defendant Hovey states that he does own the land, but never made the contract with complainant and never promised to pay him; that the work was completed long before July 11th, 1896, and that Woodruff did not file his lien claim or bring his suit seasonably; that Woodruff was to wait for

his pay until certain bonds were sold and the railroad completed to Harmony; that said bonds have never been sold or road completed.

He also alleged that the statement of the lien claim filed in the town clerk's office was defective.

The answer of the Sebasticook and Moosehead Railroad Company claims that payment was not to be made until certain bonds were sold and the road to Harmony completed, which has never been done. It admits indebtedness for building the round house, but claims that all extra work has been paid for. It also claims that the round house was completed on or before July 11th, 1896, and that said claim was not filed within forty days; that the statement of the lien was defective as filed with town clerk.

*J. W. Manson and G. H. Morse,* for plaintiff.

Counsel argued:—(1.) That a mechanic's lien can attach to a round house and land of a railroad company in this state as a matter of law.

(2.) That Woodruff did such labor and furnished such material for the railroad company as were essential to give him a lien.

(3.) That for all the purposes of this hearing the railroad company owned the land and building.

(4.) That if the railroad company did not own the land, the owners did consent to the building in such a way as to create a lien.

(5.) That had it been necessary to file a lien claim within forty days after the labor was performed, it was done.

(6.) That the railroad company being owners of the land and making the contract with Woodruff, it was not necessary to file a lien claim at all if suit was brought within ninety days, and that it was so brought.

(7.) Hovey, having represented to Woodruff that the company owned the land and knowing that Woodruff had a right to a lien, by misrepresenting the true condition of things, is estopped to deny his joint liability under the first bill filed.

(8.) Or if the ground taken in the sixth claim is not sound, that Hovey never having had title, but fraudulently obtaining a record title, should discharge same.

Liens on railroad buildings:—No exception in our statute.

A building built for a railroad company is as clearly within the spirit and letter of the statute as any other building. Its object was to furnish a protection to those who expended their labor and material in improving the property of others.

"Is there anything in public policy that requires or should permit railroads to be built at the expense of defeating this object? If there is, we fail to perceive, it, and shall recognize no such policy till the Legislature enacts it into a positive law." *Hill* v. *Lacrosse & M. R. R. Co.*, 11 Wis. 21. This was an action to enforce a lien on a depot.

This is the doctrine invariably followed in New England. *Platt* v. *N. Y. & Boston R. Co.*, 26 Conn. 544; *Botsford* v. *New Haven, Middletown & Willimantic R. R. Co.*, 41 Conn. 454; *Boston, Concord & Montreal R. R. Co.* v. *Gilmore*, 37 N. H. 410.

If the railroad was not the owner and could not be so considered, they certainly had an interest in the land enough to subject it to a mechanic's lien, especially since the claim is made under a bill in equity. The statute states "on any interest that such owner has in the same." The railroad company had a contract for the sale and purchase of this land. It was such an interest as could be attached. R. S., c. 81, § 56; *Wise* v. *Tripp*, 13 Maine, 9; *Houston* v. *Jackson*, 35 Maine, 520. They had, after making the contract, gone on the land and made expenditures, giving them the right of specific performance. *Green* v. *Jones*, 76 Maine, 563.

The word "owner" should mean any person who has any contractual interest in land, whether by deed or mortgage, or otherwise, which could be enforced by attachment, either by legal or equitable attachment. *Choteau* v. *Thompson*, 2 Ohio St. 125, is especially in point; also *Hickox* v. *Greenwood*, 94 Ill. 268; *Wagar* v. *Brisco*, 38 Mich. 587; *Keller* v. *Denmead*, 68 Penn. St. 449; *Atkins* v. *Little*, 17 Minn. 342; *Sheckwell* v. *Carpenter*, 27 Iowa, 119; *Rollin* v. *Cross*, 45 N. Y. 766; *Lyon* v. *McGuffey*, 45 Am. Dec. 676, (4 Pa. St. 126); *Stoner* v. *Neff*, 50 Pa. St. 261; *Appeal of Borough of Eastern*, 47 Pa. St. 265; *Munroe* v. *West*, 12 Ia. 119; *O'Brian* v. *Hanson*, 9 Mo. App. 549.

Having such an interest to which a lien could attach, when it did attach, it would enlarge as the company's title enlarged, and be a lien on the complete title as it became complete. *Kirby* v. *Tead*, 13 Met. 149.

Consent of owners: *Shaw* v. *Young*, 87 Maine, 271.

Filing of claim: No interest of third parties intervened. If one is obliged on account of the owner to suspend work for more than thirty days, he should not be deprived of his lien. Jones on Liens, § 1439; *Gordon* v. *Torrey*, 15 N. J. Eq. 112.

*Frank W. Hovey and Forrest Goodwin*, for defendant Hovey.

Counsel argued that the bill should be dismissed: (1.) Because the claimant waived his lien by giving credit beyond the statutory time for bringing an action to foreclose his lien. (2.) Because the railroad company could not subject the land to a lien without the consent of Thomas N. Drake the owner, and there was no consent. (3.) Because he did not seasonably file notice of his lien claim in the town clerk's office. (4.) Because the building was erected for railroad purposes and is not subject to a lien. (5.) Because he has intermingled lien claims with non-lien claims. (6.) Because of a variation in the contract alleged as to the time when the contract price was to be paid, and the proof offered. (7.) Because the complainant expressly waived his lien on July 18th, and thereby induced Mr. Hovey to invest his money in this property. Amendment not allowable because of variance in proof and introducing new matter. *Whittemore* v. *Merrill*, 87 Maine, 456; *Garrison* v. *Hawkins*, (Ala.) 20 So. Rep. 427; *Perry* v. *Watts*, 3 Man. & Gr. 775; *David* v. *Preece*, 5 Ad. & El. N. S. 440; *Tufts* v. *Lexington*, 75 Maine, 516; *Clarke* v. *Gray*, 6 East. 564; *Penny* v. *Porter*, 2 East. 2; 1 Smith L. C. Part 2, p. 1436; *Addis* v. *Van Buskirk*, 24 N. J. L. 218; *Cleaves* v. *Lord*, 3 Gray, 66, 71; *Bush* v. *Connelly*, 33 Ill. 447; *Eaton* v. *Malatest*, (Cal.) 28 Pac. Rep. 54; *Dingley* v. *Greene*, 54 Cal. 333; *McAuley* v. *Carter*, 22 Ill. 53; *Burkhart* v. *Resig*, 24 Ill. 529.

Bill does not allege contract was made with owner's consent. *Cross* v. *Thcharmy*, 39 Ore. 763; *Davis* v. *Alford*, 94 U. S. 546;

*Farnham* v. *Davis*, 79 Maine, 283. Owner is the person holding the legal title. 15 Am. & Eng. Ency. p. 57; *Belden* v. *Cushing*, 1 Gray, 576; *Howard* v. *Veazie*, 3 Gray, 233; *Worden* v. *Hammond*, 37 Cal. 61; *Thaxter* v. *Williams*, 14 Pick. 49; *Tompkins* v. *Horton*, 25 N. J. Eq. 284; *Hayes* v. *Fessenden*, 106 Mass. 228; *Donahy* v. *Clapp*, 12 Cush. 440; *Dustin* v. *Crosby*, 75 Maine, 75; *Steele* v. *Argentine Mining Co.*, (Idaho,) 42 Pac. Rep. 585; *Rollin* v. *Cross*, 45 N. Y. 766.

Consent:—*Lyon* v. *Champion*, 62 Conn. 75 ; *Hayes* v. *Fessenden*, 106 Mass. 228.

Filing of lien claim:—*Durling* v. *Gould*, 83 Maine, 134; *Wescott* v. *Bunker*, Id. 504, 506 ; *Cole* v. *Clark*, 85 Maine, 336. No lien on railroads and other public property. 31 Am. & Eng. Corp. Cases, 296, note; *Foster* v. *Fowler*, 60 Pa. St. 27; *Comrs. of Buncombe County* v. *Tommey*, 115 U. S. 122; 34 Am. & Eng. Corp. Cases, 135, note; *King* v. *Alford*, 9 Ont. 643, S. C. 24 Am. & Eng. Corp. Cases, 331 ; *Breeze* v. *Midland R. R. Co.*, 26 Grant's Chan. (U. C.) 225 ; *Skrainka* v. *Rohan*, 18 Mo. App. 340.

One single lien cannot cover several distinct contracts or alterations made at different times, and independent of each other, so as to entitle claimant to a lien judgment for the whole. 15 Am. & Eng. Ency. p. 142, and cases cited ; *Baker* v. *Fessenden*, 71 Maine, 292; *Bank* v. *Buffinton*, 97 Mass. 498; *Hinchley* v. *Greany*, 118 Mass. 597; *Copeland* v. *Copeland*, 28 Maine, 539; *Stevens* v. *McNamara*, 36 Maine, 117 ; *O'Connor* v. *Courant River R. R. Co.*, (Mo.) 20 S. W. Rep. 16.

Cases of non-lien:—*Truesdell* v. *Gay*, 13 Gray, 311; *Pennock* v. *Hoover*, 5 Rawle, (Pa.) 291; *Watts-Campbell Co.* v. *Yuengling*, 125 N. Y. 1.

Extra work:—*Lee* v. *Brayton*, 18 R. I. 232; *Mulrey* v. *Barrow*, 11 Allen, 152.

When work held completed:—*Franksburg* v. *Smith*, 34 Minn. 403; *Franklin St. Meth. Church* v. *Davis*, 7 S. E. Rep. 245 ; *Cole* v. *Uhl*, 46 Conn. 296; *Frost* v. *Sullivan*, 43 Cal. 896.

Waiver of lien by giving credit beyond time of construction : 15 Am. & Eng. Ency. p. 104; *Scudder* v. *Balkam*, 40 Maine, 291;

*Mehan* v. *Thompson*, 71 Maine, 492 ; *Pickett* v. *Buttock*, 52 N. H. 354 ; *Wilson* v. *Douglass*, 66 Md. 99.

Lien once lost cannot be revived :    *Darrington* v. *Moore*, 88 Maine, 569 ; *Baker* v. *Fessenden*, 71 Maine, 292 ; *Farnham* v. *Davis*, 79 Maine, 285 ; *Cole* v. *Clark*, 85 Maine, 336 ; *Nichols* v. *Culver*, 51 Conn. 177.

Estoppel : *Hinchley* v. *Greany*, 118 Mass. 597 ; *Storrs* v. *Barker*, 6 John. Ch. 166 ; *Bank* v. *Buffinton*, 97 Mass. 498 ; *Copeland* v. *Copeland*, 28 Maine, 539 ; *Stevens* v. *McNamara*, 36 Maine, 178.

Sitting : Peters, C. J., Emery, Haskell, Whitehouse, Wiswell, Savage, JJ.

Haskell, J.    Bill in equity to enforce a mechanic's lien upon a building and the land on which it stands.    Assuming that all other facts necessary to support the bill have been proved, which it is unnecessary to here decide and which we do not decide, the plaintiff has failed to prove one fact necessary to sustain the action, and that is that his lien was seasonably enforced.

Plaintiff contracted with defendant railroad company, in writing, on the 15th of April, 1896, to construct a round house for the company according " to plans furnished by the chief engineer of the company and to the satisfaction of said engineer," for the sum of $1100.    The specifications are given, but the plans are not sent up with the case.    Both are said to be silent upon the point now in issue, and therefore of no consequence.    Plaintiff began work May 13th, and on the 10th or 11th of June the plaintiff says the engineer came while he was on the roof putting on the last wire to hold the smoke stack.    " I says, ' Have you looked the building over?    Are you satisfied with it as far as it has gone?    and he says : I am going up the line and I might as well accept the job now as any time.    I have got all the confidence in the world in you that you will go ahead and finish it up according to agreement. He says :    Now if you will go ahead and finish it up and do what you have got to do here as well as you have done what you have done, I will accept the job,' and he wanted to know how long it

would take me to finish up, and I told him two or three days perhaps, I can't tell exactly." Conversation then followed about the doors, and plaintiff was told that they were a part of his job, and that as they were a little short he would have to put on a wider flap at the bottom that was to drop down over the track. Plaintiff says, " Look here, now, I can go ahead probably and finish this all up except round this track, and when is this track going to be put in here? He says: Lancaster (the president of the company) is anxious to have this building and the track will be right in here."

Plaintiff worked his couple of days, hung the doors, put on the flaps and quit on the 13th. The only remaining work was to put in a few additional screws, some hasps to hold up the flaps and cut notches in them for the track. On the 22d of June plaintiff saw Lancaster and turned over the keys to him. By the terms of the contract the plaintiff agreed " to take all risk of damage by fire or any cause whatever until said house is completed and accepted by said engineer." Now the job was accepted on the 10th or 11th, with plaintiff's assurance that he could complete it in two or three days. In that time he did substantially complete it, and on the 22d delivered the building to the railroad company. That was when the contract work ended and the contract was completed. The contract price then became due and payable. The parties must have so understood the transaction. If a few trifles remained to be done, like sawing the notches in the flaps and turning a few additional screws into the hinges and putting on a couple of hasps, that could all have been done inside an hour, either the defendant waived it as contract work, or relied upon its being done in the future as present compliance with contract work. It is incredible that either party then supposed the contract price would not become payable until such work had been done, or that any lien for contract work could not be enforced before.

After this, it became known that the railroad company was in financial trouble, and after the lapse of more than forty days from the acceptance of the contract work when the lien had already lapsed for non-enforcement, the plaintiff, on the 7th of August,

went down to the round house ex mero motu, sawed the notches in the flaps, turned in a screw or two more in the hinges and put on some hasps to hold up the flaps and then, on September 8th, made oath to his lien claim, filed the same with the town clerk on the 9th, and on the same day filed this bill to enforce the lien.

Nothing can be plainer than that the trifling work plaintiff performed on the seventh was for the purpose of reviving a lien that he had already lost.

A lien once lost cannot be revived by additional work.   *Cole* v. *Clark*, 85 Maine, 336; *Darrington* v. *Moore*, 88 Maine, 569.

*Bill dismissed.*