## WILLIAM T. VAN WART

*vs.*

## WILLIAM A. REES and LAND AND BUILDINGS.

### Aroostook.    Opinion December 5, 1914.

*Exceptions.    Land and Buildings.    Lien.    Materials.    Suspension of Work.*

1.  In an action to enforce lien for materials furnished, when all the materials are furnished under one entire continuing contract, though at different times a statement filed within the time fixed by statute after the last items furnished, is effective in regard to all the other items.

2.  Even if the materials be not ordered at one and the same time, or the quantity or price of the materials be not agreed upon at the time of the first order, the contract will nevertheless be held a continuing one.

3.  The interruption of the construction of a building on account of the season of the year, though it be for months at a time, will not prevent a mechanic's lien from attaching from the commencement of the building, if the construction be resumed without change of design and there is no evidence of an abandonment of the intention to prosecute the work.

4.  The interruption of the work for a short time and its subsequent resumption without a change of the original design and character will not constitute a new commencement, or effect the attaching of the lien when the building was originally commenced.

5.  The statute regarding liens on buildings and lots does not confine the right to any particular species of contract.    It extends to and includes implied as well as express contracts and those which are entire, as well as those which are devisible.

On exceptions by plaintiff.    Exceptions sustained.

This is an action of assumpsit to enforce a lien upon certain land and buildings, situated thereon, and owned by the defendant, for materials furnished and which entered into the construction of said house.    Plea, general issue.    This case was submitted to the presiding Justice, with right to except, upon an agreed statement of facts. The presiding Justice found for the plaintiff in the sum of $125.64. The plaintiff excepts to said finding.

The case is stated in the opinion.

*W. S. Brown*, for plaintiff.
*Powers & Archibald*, for defendant.
*Howard Pierce*, for E. M. Smith,. owner of said buildings.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HANSON, PHILBROOK, JJ.

BIRD, J. This is an action of assumpsit to enforce a lien upon land and buildings for materials furnished in the construction of the latter. The case was submitted to the presiding Justice, with right of exception reserved, upon an agreed statement of facts of which the following only is material:—

"It is agreed that William R. Rees, the defendant, was on the first of October, 1911, the owner of the land described in the writ, and was building a house on said land.

"It is agreed that said Rees, with his carpenter, Frank Benjamin, made out a list of the interior finish that would be desired for said house; that with said list they went to the plaintiff Van Wart, and asked him if he would furnish the interior finish for the house described in the list, and what it would probably cost; that said Van Wart made an estimate of the total cost of the materials described in the list, estimating it at $262.45; that said Van Wart agreed to furnish the interior finish, and the defendant to have the right to make any changes in the items of this schedule as the work progressed that he might desire.

"That under this arrangement there were no articles furnished by Van Wart between December 5, 1911, and February 14, 1912; that beginning with February 14, 1912, down to and including March 2, 1912, at various dates the items were furnished as set forth in the account annexed to the writ.

"It is further agreed that the suspension of work between December 5th, 1911, and February 14, 1912, was caused by Benjamin, the carpenter, leaving the work, that Rees, as soon as he could get a carpenter, continued the work on the building and continued to obtain the materials from Van Wart; that, from the time said Rees and Benjamin first went to Van Wart and made these arrangements no different arrangements, or no talk in regard to the arrangements, were had whatever; that after the first arrangement for Van Wart to furnish this material, no other arrangements were made than to enter it under the agreement above named.

"It is also agreed that whatever was furnished from October 10th, 1911, was furnished under this arrangement, and that the prices therefor carried out in the account are correct.

"No question is raised in regard to the items from and including February 14th, 1912, it being admitted that the owner of the building is liable therefor."

The balance shown by the account annexed, less a deduction agreed to by parties, is $188.38 and the amount in dispute—the charges for items delivered to plaintiff by defendant, on October 10 and December 5, 1911—seems to have been assumed by Court and parties to be $62.74. The presiding Justice ordered judgment for $125.64 and the plaintiff excepts.

The only question argued by counsel upon the exceptions is whether or not the Court erred in disallowing as lien items the articles delivered by plaintiff to defendant Rees on the tenth of October and the fifth of December, 1911. The plaintiff urges that the facts agreed show a contract within the meaning of the statute, R. S., Chap. 93, Sec. 29, between plaintiff and defendant prior to the tenth day of October for furnishing the materials afterwards delivered and used in construction of the buildings.

The following propositions of law seem to be established:—Where all the materials are furnished under one entire continuing contract, albeit at different times, a statement filed within the time fixed by statute after the last item was furnished, is effective in regard to all the other items: *Hensel* v. *Johnson,* 94 Md., 729, 733; *State etc. Co.* v. *Seminary,* 45 Minn., 254, 255; *Union Trust Co.* v. *Casserly,* 127 Mich., 183, 185. And even if the materials be not ordered at one and the same time, or the quantity or prices of the materials be not agreed upon at the time of the first order, the contract will nevertheless be held a continuing one. *Smalley* v. *Gearing,* 121 Mich., 190, 205; *Hensel* v. *Johnson,* 94 Md., 729, 732, 733; *Premier Steel Co.* v. *McElwaine-Richards Co.,* 144 Ind., 614, 621. Not inharmonious with these principles, is *Baker* v. *Fessenden,* 71 Maine, 292, wherein it is said that the lien given by statute is definite and for a particular work, which may be of long continuance, although not for distinct jobs. Id., 294; nor is *Farnham* v. *Davis,* 79 Maine, 282; nor yet *Darrington* v. *Moore,* 88 Maine, 569.

The statute does not confine the right to any particular species of contract. It extends to and includes implied as well as express con-

tracts; (*Farnham* v. *Davis*, 79 Maine, 282, 283) and those which are entire as well as those which are divisible. *Felton* v. *Minot*, 7 Allen, 412, 413; see *Batchelder* v. *Hutchinson*, 161 Mass., 462, 465, 466; see also *Sprague* v. *McDougall*, 172 Mass., 553, 555.

The circumstances attending the suspension of the work for some nine weeks are not such as to indicate, in the opinion, of the Court an intention of abandonment of the enterprise by either owner or material-man, between whom alone the question arises, nor to impugn the good faith of the latter.

The interruption of the construction of a building on account of the season of the year, though it be for months at time, will not prevent a mechanic's lien from attaching from the commencement of the building, if the construction be resumed without change of design and there is no evidence of an abandonment of the intention to prosecute the work. *Manhattan Life Ins. Co.* v. *Paulison*, 28 N. J., Eq. 304. Nor will the interruption of the work for a short period and its subsequent resumption without a change of its original design and character, constitute a new commencement, or affect the attaching of the lien when the building was originally commenced. *Gordon* v. *Torrey*, 15 N. J., Eq. 112, 114.

See also *McLean* v. *Wiley*, 176 Mass., 233; *Shaughnessy* v. *Isenburg*, 213 Mass., 159, 161; *Thurston* v. *Blunt*, 216 Mass., 264, 268.

*The exceptions are sustained.*