DELANO MILL COMPANY *vs.* A. F. WARREN et als.

Somerset.    Opinion February 8, 1924.

*A bill in equity to enforce a lien claim, sustained by the sitting Justice.    It cannot be said from the evidence that the finding of the sitting Justice was clearly wrong.*

The plaintiff's contract to furnish all doors for the building was not completed until the door in question was furnished; the door in question appears to have been furnished in good faith to complete its contract and not merely to keep alive its lien claim; value of the material does not govern, nor that it was not furnished before was due to the oversight of the plaintiff.

The credit of the note on account is not conclusive as to its acceptance in payment.    The presumption of payment may be overcome by showing that it would result in loss of some security for the debt or by other circumstances.

On appeal.    A bill in equity to enforce a lien claim for materials furnished in the erection of  a high school building in Madison.    The bill was heard by a sitting Justice and sustained, whose findings were not from the evidence found to be clearly wrong.    Appeal dismissed. Decree of sitting Justice affirmed.   ·

The case is fully stated in the opinion.

*Clifford E. McGlauflin,* for plaintiff.

*Harry Manser and Charles O. Small,* for defendants.

SITTING:  HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J.   The plaintiff Company in January and March, 1922, entered into a contract or contracts to furnish the defendants, A. F.

Warren and Martin W. Warren, as copartners, what is termed the inside finish, which included among other items all the doors required for the construction of a high school building in and for the town of Madison. The total contract price agreed upon amounted to $10,740.00, on which it is now claimed there is due, together with certain small sums for "extras," the sum of $5,270.75.

The plaintiff Company on February 20th, 1923, filed in the office of the town clerk of Madison a notice in accordance with the statute claiming a lien on the building and land for the above sum; and on March 10th, 1923, filed its bill in equity setting forth that the last materials were furnished under said contracts December 28th, 1922.

The sitting Justice after hearing found that the materials were furnished as alleged and with the consent of the town of Madison, and that the last materials were furnished on December 28th, 1922; and there was due the plaintiff the sum of $5,270.75. A decree was entered in accordance with this finding from which the defendants appealed.

The only questions raised by the defendants on their appeal are as to the date on which the last materials were furnished and whether a note of $2,000.00 given by the defendants on November 28, 1922, was accepted by the plaintiff in part payment of its claim, and should be deducted from the amount allowed as a lien claim.

The only item furnished by the plaintiff which entered into the construction of the building within sixty days of the date of filing the notice of the lien in the town clerk's office is one door delivered December 28th, 1922. The evidence discloses that the doors for this building were shipped from the West, by order of the plaintiff, direct to the defendants at Madison and through some oversight one door was omitted. Upon being notified by the defendants on December 11th that one door more was required to complete its contract the plaintiff made up a door at its plant in Portland and shipped it to defendants at Madison, where it was received December 28th, 1922.

It appears that on October 28th the plaintiff sent the defendants a statement of its account assuming at the time that all materials had been then furnished under its contract, in which statement it charged the full amount of the contract price.

The insistence of the defendants appears to be, that, having charged the defendants with the full contract price on October 28th,

and the door in question having been overlooked or omitted through some neglect of the plaintiff, the plaintiff could not properly make a charge for it on December 28th; and relies upon *Farnham* v. *Richardson*, 91 Maine, 559, in support of its claim.

But *Farnham* v. *Richardson* does not, we think, support the defendants' contention.   In that case the question was whether the door furnished was one which the plaintiff was obliged to furnish in place of another, because of some fault of his own, or whether the failure of the door first delivered to fit the frame for which it was intended was due to the fault of the defendant.   The court found the latter to be the fact, and properly held that need of the new door was due to the defendants' fault and not the plaintiff's; and hence it was not a case of replacement, but of new material for which the plaintiff was entitled to make a charge.

In the case at bar, the door in question was furnished under a contract, which was not completed till it was delivered.   The fallacy in the defendants' reasoning comes from assuming that the contract was actually completed October 28th, and that the plaintiff was entitled to make a demand on the defendants on that day for the balance due on the contract price without furnishing all the material called for in its contract, and that whatever was furnished thereafter was in the nature of a gratuity for which no charge could be made.

Obviously this is not so.   Not having completed its contract on October 28th, it had no right to demand payment of the balance due thereunder, whether the failure to complete was due to the non-delivery of one door, or fifty.   Until all material which it agreed to furnish was delivered the final payment on the contract price did not become due.   It matters not that through mistake it had entered on its books the delivery of all material on October 28th.   If it was later found that some material still remained to be furnished, it was its delivery, which finally completed the contract and matured the obligation of payment on the part of the purchaser or builder.

It is not the value of the material last furnished, which determines whether it will serve to keep alive the lien, so long as it was furnished in good faith, was not a mere accommodation or some trifling service for which no charge was intended to be made, as in the case of *Cole* v. *Clark*, 85 Maine, 336, and *Hartley* v. *Richardson*, 91 Maine, 424.   It is not contended that the delivery of the door was held back by the plaintiff to keep alive its lien.   It was due to an oversight which

might occur under any contract, where so many articles were to be furnished; yet the defendants had the absolute right to demand its delivery before the final payment of the contract price.

As to whether the note for $2,000.00 given November 28th for three months was accepted in payment, it appears that on the same date a note previously given matured, but was not paid, and a renewal note accepted on the request of the defendants, maturing in fifteen days; and two other notes, each for $2,000.00, one for three months and one for four months, were offered by defendants for credit on their account. The plaintiff finally refused to accept the note on four months and returned it, and informed defendants it would give them credit for the note on three months, which it did. It did not, however, discount the note at its bank, but held it; and when it was not paid, recharged the defendants with the amount.

The question is, whether under the circumstances the note was accepted in payment and must be credited on the lien claim. While the presumption is that a note is accepted in payment, this presumption ordinarily is overcome by the fact, that to so accept it, would deprive the payee of security for his indebtedness, as in case of a lien. *Bryant* v. *Grady*, 98 Maine, 389; *Clark* v. *Downes*, 119 Maine, 252. It is always a question of fact upon all the evidence. In this case the sitting Justice found in favor of the plaintiff upon this point.

It is true, credit was given by the plaintiff on its books, but that is not conclusive. The facts that the plaintiff on the day of the acceptance of this note had pregnant warning that the defendants' notes were not always met when due; that the note was not used and discounted by the plaintiff, contrary to the usual custom of business men in case of notes actually accepted in payment, together with the fact that by accepting the note in payment it would lose its lien as security, *pro tanto* at least, may have been sufficient in the mind of the sitting Justice to overcome the presumption of acceptance in payment, and outweigh any evidence in support of such presumption. At least this court cannot say his finding on this point was clearly wrong.

*Appeal dismissed.*
*Decree of sitting Justice*
*affirmed.*