GEDEON MARSHALL
*vs.*
YVONNE MATHIEU, DAVID MATHIEU,
AND
CORA MAHEU

Kennebec.    Opinion, February 14, 1948.

*William H. Niehoff,* for plaintiff.

*F. Harold Dubord,*
*Arthur B. Levine,* for defendants.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MURRAY, JJ.

MURCHIE, J.   The defendants Yvonne Mathieu and David Mathieu, her husband, prosecute the present appeal against a decision rendered against them, and another, on a Bill in Equity brought to enforce a lien claimed by the plaintiff on land and buildings belonging to the wife.   The process names the tenant of one of the buildings, who operated a restaurant therein, as the third defendant, and alleges that the plaintiff furnished labor and materials in erecting, constructing, altering and repairing that building under a contract with all three defendants.   The decision negatives such a contract.   Its recitals that the third defendant, Cora Maheu Poilliot (named as Cora Maheu), is indebted to the plaintiff in a named sum and that the plaintiff has a lien on the land and buildings for a lesser one indicates factual findings that the plaintiff was employed to do all the work by Mrs. Poilliot alone and that lienable labor and materials for a part of it were furnished with the consent of the owner of the property.   That is all the lien statute, cited *infra,* requires.   An exception to an evidence ruling in the Trial Court, perfected in the Bill of Exceptions, was waived at oral argument.

A statement of the amount claimed as a lien was filed pursuant to the requirements of the statute, showing charges for labor and materials amounting to $1,172.34 and a balance due of $872.34.   The award of $722.34 and costs of $25.00, a total of $747.34, eliminates items aggregating $132 applicable to labor and materials used in the construction of tables for the restaurant, and $18 which is said to have been duplicated in the statement.   The larger amount is made up of $42 for materials and $90 for labor,

charged respectively on April 15 and April 20, 1946. An additional $3 is charged for trucking on the latter date. These are the last items in the account except a labor charge of $3 on May 15, 1946 and $222.21 paid for materials on the same date. The materials must have been used on or prior to April 15th because all subsequent labor charges, except that on May 15th, were for work done in constructing the tables. There is some confusion in the evidence as to the labor to which the May 15th item is applicable. The plaintiff testified, apparently after reference to some record or account book, that it was two hours' work devoted to setting up a fan and counter. The evidence of the employee to whom it was paid is that it was putting a fan in over the electric grill and cutting a hole through the wall of the building for the purpose, at a place which had been "framed in" earlier, obviously on or before April 15th. The fan was not furnished by the plaintiff. It was the property of the defendant who operated the restaurant and had been in the hands of an electrician for repairs when the building was prepared for its installation.

The lien statement was filed on July 11, 1946. The Bill in Equity is dated August 10, 1946, and was filed 6 days later. The statute requirements are that to preserve a lien the statement must be filed within 60 days after the claimant "ceases to labor or furnish materials" and, to enforce it in equity, the bill must be filed within 90 days "after the last of the labor is performed, or labor or materials" furnished.

Ample authority has established several pertinent principles. Only such labor and materials as are used in "erecting, altering, moving, or repairing" a building are protected by a lien. *Lambard* v. *Pike*, 33 Me. 141; *Baker* v. *Fessenden*, 71 Me. 292; *Dole* v. *Bangor Auditorium Association et al.*, 94 Me. 532; 48 A. 115; *Hanson* v. *News Publishing Co. et al.*, 97 Me. 99; 53 A. 990. The coverage stated is that of the present statute. R. S. 1944, Chap. 164, Sec. 34. Originally it was limited to "erecting or repairing." Laws of 1820, Chap. CLXIX. "Altering" was added in 1837, P. L. 1837,

Chap. 273, and "moving" in 1891, P. L. 1891, Chap. 21. Time is of the essence in filing a lien statement. R. S. 1944, Chap. 164, Sec. 36. Seasonable enforcement is requisite. R. S. 1944, Chap. 164, Sec. 38. Neither the filing of a lien statement after 60 days, nor of a Bill in Equity, after 90, is seasonable. *Baker* v. *Fessenden, supra; Cole* v. *Clark,* 85 Me. 336; 27 A. 186; 21 L. R. A. 714; *Darrington* v. *Moore,* 88 Me. 569; 34 A. 419; *Woodruff* v. *Hovey et al.,* 91 Me. 116; 39 A. 469; *Hartley* v. *Richardson et al.,* 91 Me. 424; 40 A. 336. The statutory periods do not begin to run until all the lienable labor and materials have been furnished. *Farnham* v. *Richardson et al.,* 91 Me. 559; 40 A. 553; *Van Wart* v. *Rees,* 112 Me. 404; 92 A. 328; *Delano Mill Co.* v. *Warren et al.,* 123 Me. 408; 123 A. 417. When all such labor and materials have been furnished and a lien has been lost by lapse of time, it cannot be revived by furnishing additional labor or materials. *Darrington* v. *Moore, supra; Dole* v. *Bangor Auditorium Association et al., supra; Hahnel et al.* v. *Warren et al.,* 123 Me. 422; 123 A. 420.

Prior to 1857 no lien was available to one furnishing either labor or materials for the construction or repair of buildings except under a contract with the proprietor of the land, as he was designated originally (Laws of 1820, Chap. CLXIX), or the owner, as subsequently identified in legislation. The law was liberalized in that year to provide a lien for one furnishing labor or materials for a building owned by one person and standing on the land of another, which would reach any interest the owner of the building might have in the land. P. L. 1857, Chap. 15. It was not until 1868 that land became subject to lien on the basis of its owner's consent to the furnishing of materials for the erection, alteration or repair of a building located on it. P. L. 1868, Chap. 207. The reason for permitting such a result was well expressed by Mr. Justice Strout, more than 30 years later, in *Hanson* v. *News Publishing Co. et al., supra:*

> "A lien is given upon the ground that the work has been a benefit to the realty, and has enhanced its value."

Taking the testimony of the plaintiff at its face value the defendant Mrs. Poilliot employed him to make the inside of the restaurant ".nice and clean." She subsequently decided to lengthen the building and change the front. The changes required the rebuilding of a chimney. Some insulating materal was used in the work on the building. There is evidence which would support findings that all the labor and materials furnished by the plaintiff for work on the building were furnished by the consent of the owner and that each and every item thereof enhanced the value of the property. Not so the construction of the tables, the setting up of any counter, or the installation of the fan over the electric grill. These items, to use the language of *Lambard* v. *Pike, supra,* were not intended "to constitute a part of the building," but were designed "for its more convenient use."

Eliminating the labor and materials applied to the construction of the tables, and allowing for the $18 duplication in the lien statement, as the Justice below did, the decision relates to a total repair bill of $1,022.34, all except $6 of which was either paid out on or before April 15, 1946 or was applicable to materials used on or before that date. The $6 is divided between an item for trucking on April 20, 1946 and the labor charge of May 15, 1946 heretofore discussed. Whether the trucking involved the lumber furnished for the tables, the delivery of them after their construction, or the delivery of other materials, is not important. If it involved other materials it must have related to something delivered on or prior to April 15th. No materials were furnished thereafter.

Correcting the lien statement to eliminate the $18 duplication, it shows a total charge of $1,154.34 and a claimed balance of $854.34 for two jobs, one of which involved lienable labor and materials while the other did not. The division between the two is entirely clear except for the two $3 items. The Trial Court decided that the trucking item of April 20th, listed as labor, and the labor item of May 15th belonged to the lienable rather than to the non-lienable

job.  It would seem apparent, as to the trucking item, that it was erroneous because all the labor and materials furnished in connection with the construction of the tables and nothing else, except the trucking, were charged at the same time, but the appeal must be sustained without reference to that point.  It is the item of May 15th, and that alone, which would entitle the plaintiff to enforce the lien he undoubtedly had for his work on the building.  His lien statement was filed within 60 days of that date, and his process within 90, but neither was timely if the last of the lienable labor and materials were furnished on either April 15th or April 20th.  Whatever the fact in connection with the May 15th item, i.e. whether it represented labor in setting up a fan and counter, as the plaintiff testified, or the fan alone, and required cutting through the building wall at a prepared place, as the employee who did the work declared, there is no evidence to prove that it was a part of any of the work the plaintiff was employed to do on the building; that it was a benefit to the realty; or enhanced its value.  Such evidence was essential to prove that the lien enforcement action was taken seasonably.  It was the burden of the plaintiff to prove the fact.  Since he failed to do so, the installation of the fan must be considered a part of the restaurant equipment job and the cutting of the wall, at a place "framed in" for the purpose when the work on the building was done, incidental to it.

*Appeal sustained.*