OSCAR R. HAHNEL et al.

*vs.*

ANDREW. F. WARREN et als.

Somerset.    Opinion February 12, 1924.

*When a statutory building lien is created, not by contract with, but by consent of the*
*owner, the claim is barred unless filed in the city or town clerk's office within*
*sixty days after the claimant ceases to labor or furnish materials.*

The single Justice who heard the evidence found that the plaintiffs were not
entitled to a lien.  He apparently refused to give credence to the plaintiffs'
evidence.   He found in effect that if the plaintiffs did anything in January it
was a trifling service without express or implied promise of payment.
The finding of the single Justice was not manifestly wrong.

On appeal.   A bill in equity to enforce a lien claim for labor and
materials furnished in the erection of a high school building in
Madison.   A hearing was had before a single Justice who held that
no labor or materials were furnished by the plaintiffs under their
contract with the defendants, after October 27, 1922, and inasmuch
as the notice of lien was not recorded until March 2, 1923, the lien
claim was barred.   From the decree allowing a personal judgment,
but denying the lien, the plaintiffs took an appeal.   The finding of
the single Justice sustained and the decree affirmed.
The case is stated in the opinion.
*Wm. G. Tackaberry and George S. McCarthy,* for plaintiffs.
*Harry Manser and Charles O. Small,* for defendants.

SITTING: HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J.   This is a bill in equity to enforce a statutory lien upon
the high school building in the town of Madison.   The defendants
were the so-called general contractors.   The heating plant, however,
was installed by Arthur B. Fells under a distinct contract.   The
plaintiffs did the sheet metal work for both.

The contract with the defendants is the only one in issue. No question is now raised as to the town's consent.

The controversy relates to the seasonableness of the filing of the plaintiffs' lien claim. When the lien is created, not by contract with but by consent of the owner, the claim is required to be filed in the town or city clerk's office "within sixty days after he (the claimant) ceases to labor or furnish materials as aforesaid." R. S., Chap. 96, Sec. 31.

The plaintiffs' lien claim was filed on March 2, 1923. The sitting Justice found that the filing was not seasonable, and that the plaintiffs were entitled to a judgment against the Warrens, but not to a lien. From a decree to this effect an appeal is taken.

The plaintiffs apparently completed their work under their contract with the defendants on October 27, 1922. The tools and appliances used were taken away within a few days thereafter. On December 27, more than sixty days after the plaintiff had left the work, apparently completed, no lien claim having been filed, the architect, Harry S. Coombs issued a certificate stating that the Warrens "are entitled to final payment amounting to four thousand two hundred seventeen and 50-100 dollars." This sum was promptly paid by the town.

A short time before this, Mr. Fells, the heating contractor, wrote the plaintiffs calling upon them to complete their contract with him. On December 26 two men were sent for this purpose. They worked about the building nine days ending January 5, 1923, less than sixty days before the filing of the lien.

During this period of nine days the plaintiffs' two men completed the Fells contract and did other independent work for the town for which, including material, $83.50 was paid.

But the plaintiffs say that their men spent one half of their time, four and one half of the nine days, in work under the contract with the Warrens "nailing pipes and fixing dampers . . . because they were rattling and making noise."

In view of the facts, however, that the nailing pipes and fixing dampers was done not at the request of the Warrens or with their knowledge, that the architect had previously certified the final payment under the Warren contract to be due, that the town had made final settlement with them, and that no bill was sent or charge made for the alleged work in January under the Warrens' contract until they became financially embarrassed, the sitting Justice apparently

refused to give credence to the plaintiffs' evidence, and found in effect that if the plaintiffs did anything in January for the purpose of curing defects in the work done for the Warrens it was a "trifling service without express or implied promise of payment." *Cole* v. *Clark*, 85 Maine, 338. See *Hartley* v. *Richardson*, 91 Maine, 430. *Dole* v. *Auditorium Association*, 94 Maine, 532.

The finding of the sitting Justice was not manifestly wrong. We think that it was manifestly right.

> *Decree affirmed with additional taxable costs.*