STATE OF MAINE
PENOBSCOT, SS.

FILED & ENTERED
SUPERIOR COURT

MAR 13 2008

PENOBSCOT COUNTY

District
~~SUPERIOR~~ COURT
CIVIL ACTION
DOCKET NO BAN-07-RE-059
                    BAN-07-RE-036
                    BAN-07-RE-026

ARC ONE, LLC,

              Plaintiff,

          v.                           DECISION

MORGAN HILL, LLC et al.,

              Defendant.

Hearing was held on these consolidated cases on March 13, 2008. Plaintiff Hammond Lumber was dismissed as a party on its own motion by the court and Granville Lumber indicated it was filing a stipulation of dismissal and neither appeared for hearing. Plaintiff Arc One appeared through counsel Kate E. Conley, Esq., Consolidated Electrical Distributors, Inc. appeared through counsel, Jennifer Archer, Esq., UPS Capital Business Credit appeared through counsel David Sherman, Esq. and all other defendants did not appear. Arc One proved its claim for $26,153.36 against Morgan Hill LLC and Consolidated Electrical Distributors, Inc, proved its claim for $10,543.55 plus attorney fees against Morgan Hill and personal Guarantor Jacqueline Tapley. Consolidated also established the priority of its lien over that of UPS. The only issue litigated pertained to whether Arc One filed its mechanics' lien in a timely manner.

According to 10 MRSA 3253, a mechanics' lien shall be dissolved unless the claimant files in the appropriate registry a true statement of the amount due the claimant within 90 days after he ceases to labor, furnish materials or perform services. In this case, Arc 1 had provided doors and similar materials to Morgan Hills' events center being built in Hermon, Maine and filed its certificate of lien on January 17, 2007.

Arc did not install the materials or perform any labor or services during the installation phase of the project. Its last invoice for materials that Morgan Hill purchased is dated 8/30/06, indicating a shipping date of 8/29. What causes Arc One to argue that the certificate is timely filed is its invoice 745 dated 3/1/07 indicating that it shipped something to Morgan Hill on December 20, 2006. In reality, Morgan Hill had complained of a leaking door supplied by Arc and Arc caused a subcontractor to travel to the events center on that date to attempt to repair the condition causing the leak. Nothing was shipped and this was a service called covered by a subcontractor. The plaintiff argues that its lien should not be dissolved because it filed the certificate within 90 days of the labor performed that is the subject of this invoice.

When the laborer's work is complete, and no lien is filed during the statutory period following completion, evidence of subsequent "trifling services" in connection with the work without the express or implied promise of payment is insufficient to extend the period of filing. Hahnel v. Warren, 123 Me. 422(1924), 123 A. 420. The court decides that this principle also implicitly applies to goods sold as well as labor provided. The court finds that the service performed on December 20, 2006 qualifies as "trifling" and dissolves Arc's mechanics' lien for a variety of reasons. First, prior to December 20, 2006, Arc had only provided goods and there is no indication that there was any agreement that Arc was also to provide services. Second, The amount of the invoice, $186.00 is an extremely small percentage of the total amount of materials provided, $24,977.36. Next, there is no record evidence indicating that the parties agreed that there would be a charge for the service call and an inspection for a defect could have been considered part of the purchase price. Finally, the fact that two months passed between the date of service and the invoice could indicate that the services were being billed to save the lien.

The court requests that one of the attorneys appearing at trial volunteer to provide the court with a proposed judgment with regard to these three consolidated cases, including a provision dissolving Arc's lien and a provision dismissing Granville Lumber's complaint if a stipulation of dismissal hasn't been filed by the time the judgment is completed.

The clerk is directed to incorporate this Decision into the docket by reference.

Dated: March 13, 2008

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

ARC ONE LLC VS MORGAN HILL LLC ET ALS
UTN:AOCSsr  -2007-0041379                    CASE #:BANDC-RE-2007-00059
----------------------------------------------------------------------

ARC ONE LLC                                          PL
ATTY SZWED, SUSAN


MORGAN HILL LLC                                       DEF

MAIL ADDR:

PIONEER CAPITAL CORPORATION                           PII

UPS CAPITAL BUSINESS CREDIT                           PII
ATTY SHERMAN, DAVID

WELLS FARGO FOOTHILL CORPORATION                      PII

HAMMOND LUMBER COMPANY                                PII
ATTY UNDERKUFFLER, FRANK


GRANVILLE LUMBER CORP                                 PII
ATTY KIMBALL, CURTIS


CONSOLIDATED ELECTRICAL DISTRIBUTORS INC              PII
ATTY ARCHER, JENNIFER A.


GRANVILLE LUMBER CORP VS. TAPLEY POOLS INC & MORGAN HILL LLC, ET ALS  BANDC RE-2007-36
UPS CAPITAL BUSINESS CREDIT, PII  BY DAVID SHERMAN, ESQ.
WELLS FARGO FOOTHILL, INC., PII  BY: NO APPEARANCE ENTERED
HAMMOND LUMBER CO.  PII  BY: NO APPEARANCE ENTERED
ARC ONE LLC, PII  BY KATE CONLEY ESQ
CONSOLIDATED ELECTRICAL DISTRIBUTORS INC., PII  BY:  JENNIFER ARCHER, ESQ.

HAMMOND LUMBER COMPANY VS. MORGAN HILL LLC & JACKIE TAPLEY ET ALS  RE-2007-26
HAMMOND LUMBER COMPANY PLAINTIFF, DISMISSED  BY:  FRANK UNDERKUFFLER ESQ
MORGAN HILL LLC  DEFENDANT BY:  NO APPEARANCE ENTERED
JACKIE TAPLEY   DEFENDANT BY:  NO APPEARANCE ENTERED
UPS CAPITAL BUSINESS CREDIT, PII  BY: DAVID SHERMAN ESQ
WELLS FARGO FOOTHILL, INC. PII  BY NO APPEARANCE ENTERED
ARC ONE LLC  PII  BY KATE CONLEY, ESQ.
CONSOLIDATED ELECTRICAL DISTRIBUTORS INC., PII  BY; JENNIFER ARCHER
GRANVILLE LUMBER CORPORATION, PII  BY: CURTIS KIMBALL ESQ
PIONEER CAPITAL CORPORATION, PII  BY:  ALAN WOLF, ESQ