SIMON W. BAKER *vs.* DANIEL W. FESSENDEN, Administrator
on the estate of ANNIE R. MITCHELL.

Kennebec.    Opinion July 3, 1880.

*R. S., c. 91, § 27.    Lien for alterations and repairs.*

R. S., c. 91, § 27, will not give a lien on a mill for labor in altering and repair-
ing the machinery therein, unless it is affirmatively shown, that such
machinery is of that character that makes it a part of the realty.

Where a laborer has so intermingled his lien claim with non lien items, that the
exact amount for which he is entitled to a lien, cannot be ascertained, the
whole lien must fail.

One single lien cannot cover several distinct alterations, made at different
times, and independent of each other, so as to entitle the claimant to a lien
judgment for the whole, if the action is seasonably brought, after the work
has ceased on the last alteration. The action must be brought within ninety
days after the labor on an alteration is finished, to give a lien for that
alteration, and it must be affirmatively shown that the labor performed
within such ninety days, was such as was entitled to be included in the lien.

ON REPORT from the superior court, Kennebec county.

The facts sufficiently appear in the opinion.

*Brown & Howard*, for the plaintiff.

*J. Baker*, for the defendant.

DANFORTH, J.   R. S., c. 91, § 27, gives to a person furnishing
labor in erecting, altering, or repairing a building, or appurte-
nances, a lien upon such building, and on the lot on which it stands
when both are owned by the debtor.   Such is the lien claimed
and alleged in the declaration in this case.   Hence to sustain it,
the plaintiff must show that his labor, or some definite and distinct
part of it, was furnished in erecting, altering, or repairing the
building itself, or appurtenances; that is, that it was done on
some portion of the realty.

By the legal appropriation of the credits in the plaintiff's
account, it will appear that all the work furnished in erecting the
building proper has been paid for, and the case shows that the
portion not paid for, and for which a lien is claimed, was furnished
in pursuance of a contract to work by the day in superintending
the machinery generally, repairing and altering it when necessary,
and in making and putting in such new machinery as might be

needed to replace the old, or as the exigencies of a change in the business might require.

Hence in order to sustain the plaintiff's allegation of lien, it must affirmatively appear that this machinery for which the labor was furnished, was so connected with and attached to the building, so adapted to and necessary for the use for which it was erected, as to lead to the conclusion that it was intended to be permanently a part of it, and in this action a part of the realty. The case utterly fails to show this. It may be true that the evidence may satisfactorily show that a part of it, such as the lathes, shafting and saw benches, belonged to the real estate. This it appears was permanently attached to the building. But in regard to much the larger portion of it the preponderance of the evidence leads to a different conclusion. For it appears that its "permanency was contingent on the varying circumstances of business, subject to its fluctuating condition, and liable to be taken in or out, as exigencies might require." *Pope* v. *Jackson*, 65 Maine, 162–166.

The case shows several changes in the business done in the building with corresponding changes in the machinery, and that a material portion of the plaintiff's labor was expended in making such changes, sometimes in making and putting in new, and sometimes in such alterations of the old as might be necessary to adapt it to the new uses required. Another portion of his labor seems to have been furnished in simply superintending the machinery, keeping it in proper order by increasing or diminishing its speed, or in other respects, so that it should properly perform the service required.

Thus if the plaintiff might legally have had a lien for a portion of his labor, he has so intermixed and interwoven it with that for which he has shown none that it is utterly impossible for the court and probably for the parties to make any such distinction between the two kinds as to authorize a lien judgment for any definite amount.

Another and an insuperable objection to a judgment for enforcing the lien, is the lapse of time.

R. S., c. 91, § 31, requires a suit to enforce the lien to be commenced within ninety days after the last labor is performed.

This of course refers to the last labor on the particular work for which the lien is claimed.

It is conceded that for some of the work charged no lien existed, and it is claimed that a deduction was made on that account. The evidence shows the number of days deducted, but fails to show which days and so leaves it uncertain whether the labor within the ninety days was under a lien or otherwise.

But further the case shows that if the plaintiff had any lien it was for alterations and repairs. The work furnished was not alone for one alteration, or for one definite repair, but for numerous distinct and separate repairs and alterations. The lien given is definite and for a particular work, which may indeed be of long continuance, but cannot be distinct jobs. One single lien cannot cover several distinct alterations in the same building made at different times and independent of each other. The plaintiff therefore had not one continuous lien, but if any, a series of liens, following, as the different repairs or alterations followed each other. The ninety days, then, in which to begin the action must commence to run when the finishing work it put upon each. The fact that a person has a second repair to make and expends labor upon it, cannot revive a first or suspend the running of the time in which he must enforce the prior lien.

Thus the plaintiff's liens, if any existed, had all been dissolved except, perhaps, for the last work done, and in the variety of services performed by him, as already seen, it does not appear that he had any for that.

We do not decide that a series of liens upon the same building may not be enforced in one suit, but simply that labor done under a later one will not be considered as the last, or any work done under a former.

The amount claimed as due in this case appears to be sustained by the evidence.

> *Judgment against the estate for $624.66, and interest from date of writ. Judgment under lien claim denied.*

APPLETON, C. J., WALTON, PETERS and SYMONDS, JJ., concurred.