Allan Hunter (orally), Solman & Hunter, Caribou, for plaintiff.

Mark S. Freme (orally), Freme & Freme Caribou, for defendant.

### Marie L. RINGUETTE

v.

### Carmel RINGUETTE.

Supreme Judicial Court of Maine.

Argued May 30, 1991.

Decided July 10, 1991.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS, and BRODY, JJ., and ARCHIBALD, WERNICK and VIOLETTE, Active Retired Justices.

GLASSMAN, Justice.

Carmel Ringuette appeals from the judgment of the Superior Court (Aroostook County, *Pierson, J.*) affirming the amended judgment of the District Court (Madawaska, *Daigle, J.*) granting a divorce to Carmel Ringuette and Marie L. Ringuette. Carmel contends the District Court abused its discretion by reopening the case to allow additional evidence as to the valuation of the marital real property and by amending its original divorce judgment, entered on Sep-

tember 22, 1988, to reflect the valuation of the parties' marital real property contained in an appraisal of the property in November 1988. We hold that it was a proper exercise of the court's discretion to reopen the case and amend its judgment in response to Marie's timely motion to amend pursuant to M.R.Civ.P. 59(e)[1] served on Carmel on September 28, 1988. Accordingly, we affirm the amended judgment.

The record in this case reflects the following undisputed facts: The trial of the instant divorce action was held in the District Court on May 3, 1988. The marital real estate consisted of numerous parcels in the Town of Madawaska. One of the parcels was the marital residence located at 257 Main Street. The other parcels were apartment buildings operated by the parties and located at 49 Fifth Avenue, 10–12 Sixth Avenue, and 6, 8, 10, 12 and 14 Spring Street. The parties introduced as a joint exhibit the 1987 tax bills for the Main Street and Fifth and Sixth Avenue properties and the 1986 tax bills for the Spring Street properties. The tax bills contain the assessed valuation of the respective properties. Nothing in the record reflects the basis for these valuations. On September 22, 1988, the divorce judgment was entered in the District Court. The judgment recited, "The Court deems that an equitable division of the marital property of the parties would be accomplished by an equal division thereof," and provided, *inter alia,* for the distribution of the marital real property between the parties, and recited the value of each respective parcel as that appearing in the tax bills. The judgment further provided that Carmel would pay to Marie a certain sum of money representing one-half of the difference between the value of the marital property set aside to Marie and that set aside to Carmel. On September 28, 1988, Marie served Carmel with her motion, "pursuant to Rule 59," for

a new trial and to alter and amend the judgment on the ground that the Town's assessed valuations of the properties were outdated, and requested that she be allowed to produce updated valuations by a real estate broker.[2] This motion was noticed for hearing on October 11, 1988. After a hearing, the court issued its order dated October 12, 1988 providing that the court would hear the parties as to the present values for the real estate. This hearing was held on January 3, 1989 and was conducted over the objection of Carmel. Marie introduced in evidence appraisals of the properties by Scott Appraisal Services, Inc., dated November 10, 1988. The new property appraisals show an increase over the tax bill assessed valuation on the 257 Main Street property of $12,400, on the Fifth Avenue property of $18,055, on the Sixth Avenue property of $39,735, and a decrease in the valuation on the Spring Street properties of $2,890. The parties stipulated that the new property appraisals accurately reflect the real estate values as of November 1988. By the amended divorce judgment entered on February 3, 1989, the court did not change its original distribution of the marital property but adopted the property values of the marital real estate as set forth in the new appraisals and accordingly provided for an increase in the amount of money to be paid by Carmel to Marie. Carmel appealed from the amended judgment to the Superior Court. After a hearing, the Superior Court affirmed the amended judgment of the District Court, and Carmel appeals.

■ Carmel does not challenge the court's distribution of any of the marital property, including the parcels of real property. He contends, however, that the court abused its discretion in reopening the case to take additional evidence as to the marital property valuations. We disagree.

---

**1.** The District Court stated in its additional findings of fact and conclusions of law that it amended the judgment pursuant to M.R.Civ.P. 60(b), which allows the court to relieve a party from a *final* judgment. Because Marie's timely motion pursuant to Rule 59 suspended the finality of the original divorce judgment, that rule, and not Rule 60(b), governed the court's proce-

dure. *See, e.g., Foman v. Davis,* 292 F.2d 85, 87 (1st Cir.1961).

**2.** A motion for a new trial or to alter or amend judgment must be served not later than 10 days after entry of the judgment. *See* M.R.Civ.P. 59(b) and (e).

"When, as here, the Superior Court acts as an intermediate appellate tribunal, we directly review the judgment of the District Court to determine whether that decision contains any error of law that affects the validity of the judgment." *Homstead Enterprises v. Johnson Products*, 540 A.2d 471, 472 (Me.1988). We have previously held, in the context of a prejudgment motion to present additional evidence, that the "determination of whether a party may reopen its case after the close of evidence is a matter within the sound discretion of the trial court" and should be permitted "to avoid an unfair result." *New England Hotel Realty, Inc. v. Finley*, 508 A.2d 121, 122 (Me.1986). "The consent of the opposing party to a reopening is not necessary in the exercise of discretion by the court." *Id.* In a divorce proceeding the court is required by statute to "divide the marital property in such proportions as the court *deems* just after considering all relevant factors, including ... [t]he value of the property set apart to each spouse." 19 M.R.S.A. § 722–A (1981 & Supp.1990) (emphasis added). The law is well established that the trial court has wide discretion in determining a just division of marital property and its allocation will be reviewed only for an abuse of that discretion. *See, e.g., Moulton v. Moulton*, 485 A.2d 976, 979 (Me.1984).

■ In the instant case, the effect of Marie's timely motion was to suspend the finality of the judgment entered on September 22, 1988, *see* M.R.Civ.P. 73(a); *see also Most v. Most*, 477 A.2d 250, 262 (Me.1984) (when judgment altered or amended pursuant to M.R.Civ.P. 59(e), it becomes the final judgment from which appeal taken), and her motion raised serious questions about the accuracy of the tax bill assessed valuations, which were material components to the equal division of the marital property. After a hearing on the motion, the court by its October 12, 1988 order found that the "fairness" of the distribution of the marital property between the parties as provided in the judgment "necessarily rests on an accurate valuation" of each of the parcels of real estate. Because a mistake of fact regarding these property valuations was not apparent on the face of the original judgment, the court properly decided to hear evidence from the parties as to the accurate value of their real property. Carmel does not contend, nor could he on this record, that he was in any way unfairly prejudiced by the court's preliminary decision to reopen the case to take additional evidence, and we determine that it was a proper exercise of the court's discretion to do so.

■ Carmel also contends that the court abused its discretion in amending the original judgment because Marie's introduction of the November 1988 appraisals proved only that the properties' overall valuation had increased and failed to prove that the earlier tax bill valuations upon which the original divorce judgment was based were either outdated at the time of the initial hearing or the products of unreliable appraisal methods. He argues that the court could not rationally determine from the difference between the two sets of appraisals that the earlier valuations were flawed. We do not agree. We will affirm a judgment amended pursuant to M.R.Civ.P. 59(e) absent "a clear and manifest abuse of discretion" by the trial court. Field, McKusick & Wroth, *Maine Civil Practice* § 598.4 at 370 (2d ed. Supp.1981). The trial court "need not grant a motion under Rule 59(e) unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." *Cates v. Farrington*, 423 A.2d 539, 541 (Me.1980).

Both parties stipulated to the accuracy of the November 1988 appraisals. Given the court's statutory mandate to effect a just and equitable division of the parties' marital property and the differential between the tax bill valuations and the new appraisals conducted *only two months* after the entry of the original divorce judgment, the court could properly determine that the tax bill valuations presented by the parties at the initial hearing were therefore seriously flawed and that a refusal to amend its judgment would result in an unjust division of the martial property. Accordingly, we find there was no clear or manifest abuse

of discretion either in the trial court's determination that the evidence adduced at the January 3, 1989 hearing established a mistake of fact in the original divorce judgment or in the court's adoption of the values placed on the marital real property by Scott Appraisal Services, Inc. as a basis for its amended judgment.

The entry is:

Judgment affirmed.

All concurring.