2012 ME 37

**THAYER CORPORATION**

v.

**MAINE SCHOOL ADMINISTRATIVE DISTRICT 61.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 30, 2012.
Decided: March 20, 2012.

Richard L. Trafton, Esq., Trafton & Matzen, LLP, Auburn, for appellant Thayer Corporation.

Jerrol A. Crouter, Esq., Drummond Woodsum, Portland, for appellee Maine School Administrative District 61.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

LEVY, J.

[¶ 1] Thayer Corporation appeals from a grant of a summary judgment entered in the Superior Court (Cumberland County, *Wheeler, J.*) in favor of Maine School Administrative District 61 (MSAD 61). When granting MSAD 61's cross-motion for summary judgment, the court denied Thayer's motion for summary judgment as to Thayer's lien action against MSAD 61. Thayer contends that the court's conclusion that Thayer's services were not lienable incorrectly interpreted 10 M.R.S. § 3251 (2011), the mechanic's lien statute. We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] MSAD 61 contracted with International WoodFuels for the installation of

a heating system at Lake Region High School, which is owned by MSAD 61. According to their agreement, WoodFuels would provide the school with metered heat energy for heat and hot water through an on-site biomass energy production system owned by WoodFuels, which WoodFuels would install and operate at the school.[1] Under the terms of the agreement, WoodFuels retained full ownership and responsibility for the maintenance and operation of all equipment, WoodFuels is required to remove the equipment when the agreement is terminated, and MSAD 61 does not own the equipment.

[¶ 3] WoodFuels contracted with Thayer Corporation to assemble and install the boiler at the school. Although Thayer provided the materials and performed the work as required under the contract, WoodFuels failed to make any payments to Thayer. Thayer timely recorded a mechanic's lien against the school for the materials and services it provided to WoodFuels and subsequently filed an action to enforce the lien against WoodFuels and MSAD 61.[2] Thayer moved for summary judgment and MSAD 61 cross-moved for summary judgment.[3] After a hearing, the Superior Court granted MSAD 61's cross-motion for summary judgment and denied Thayer's motion for summary judgment with respect to the lien action, concluding that Thayer's services were not lienable pursuant to 10 M.R.S. § 3251.

## II. LEGAL ANALYSIS

[¶ 4] Thayer asserts that the court erred in its interpretation of section 3251 by incorrectly considering MSAD 61 and WoodFuels's intent with respect to the equipment installed.[4] Thayer contends that whether the parties intended the equipment to become a permanent part of the realty is not relevant for purposes of section 3251. Because the parties do not dispute the material facts in this case, we review the interpretation of the statute de novo to determine whether the successful moving party, in this case MSAD 61, is entitled to judgment as a matter of law. *See Searle v. Town of Bucksport*, 2010 ME 89, ¶¶ 7–8, 3 A.3d 390.

[¶ 5] Thayer's position fails to acknowledge the long history of cases addressing and interpreting mechanic's liens in Maine.

1. The equipment included a wood pellet boiler, storage silo, equipment to feed the wood pellet fuel from the silo to the boiler, and piping to connect the system to the school's heating system. The boiler and piping are located inside the school building and the silo is located outside of the school building.

2. Thayer's complaint alleged three counts in addition to the lien action that are not relevant to this appeal and that, therefore, we do not address.

3. WoodFuels did not file any summary judgment motions before the Superior Court and is not a party to this appeal.

4. Thayer also contends that 33 M.R.S. § 455 (2011) requires that parties who wish to treat improvements to real estate as personal property record such agreements to prevent a mechanic's lien. MSAD 61 responds that Thayer did not raise this issue before the Superior Court. A review of the record reinforces MSAD 61's position—this issue does not appear in the parties' motions for summary judgment or the court's judgment, and Thayer did not file a motion to reconsider or otherwise address the issue in written filings with the court. Although Thayer contends before us that it raised the issue at the hearing on the motions for summary judgment, no transcript of that proceeding has been provided. We therefore treat the issue as unpreserved. *See Richter v. Ercolini*, 2010 ME 38, ¶ 12, 994 A.2d 404 (noting that issues raised for the first time at the appellate level are deemed waived); *see also State v. Milliken*, 2010 ME 1, ¶ 12, 985 A.2d 1152 (noting that the appellant bears the burden of providing an adequate record on appeal).

Since at least 1880, this Court has looked to whether the materials and labor serving as the basis for the mechanic's lien were intended to become a permanent part of the real estate upon which the lien is asserted. *Baker v. Fessenden*, 71 Me. 292, 293 (1880). Thus, in *Baker*, we noted:

> [I]n order to sustain the plaintiff's allegation of lien, it must affirmatively appear that this machinery for which the labor was furnished, was so connected with and attached to the building, so adapted to and necessary for the use for which it was erected, as to lead to the conclusion that it was intended to be permanently a part of it, and in this action a part of the realty.

*Id.*

[¶ 6] We have adhered to this intention-based standard in subsequent cases. In *Hanson v. News Publishing Co.*, we determined that temporary office partitions installed by a building's tenant could not subject the building to a mechanic's lien because they were intended to be removed by the tenant. 97 Me. 99, 101–02, 53 A. 990 (1902). Similarly, in *Marshall v. Mathieu*, we concluded that a tenant's installation of restaurant tables, counters, and an electric fan—intended for convenience, not as a constituent part of the building—could not serve as the basis for a mechanic's lien against the buildings in which the items were installed. 143 Me. 167, 169–71, 57 A.2d 400 (1948). In contrast, in *Fischbach & Moore, Inc. v. Presteel Corp.*, we concluded that a contractor's installation of a complete electrical distribution system at the request of the building's tenant rendered the building subject to a mechanic's lien. 398 A.2d 397, 399–400 (Me.1979). The opinion reasoned:

> Even if these improvements may have been necessitated by the peculiar requirements of the tenant's machinery, it is clear as well that they satisfy the traditional test for a fixture: annexation to the realty of an item adapted for use with that realty, with the intention that the item annexed shall become a permanent accession to the realty.

*Id.* at 400.

[¶ 7] Most recently, we used an intention-based analysis to determine when an object has become a fixture and is no longer personal property. In *Searle v. Town of Bucksport*, we established that an object has made this transition when it is

> (1) physically annexed, at least by juxtaposition, to the realty or some appurtenance thereof; (2) adapted to the use to which the land to which it is annexed is put; and (3) annexed with the intention on the part of the person making the annexation to make it a permanent accession to the realty.

2010 ME 89, ¶ 16, 3 A.3d 390 (quotation marks omitted). When addressing intention, the third element of this analysis, the test is objective and based on the totality of the circumstances. *Id.* ¶ 21.

[¶ 8] Here, the heating system that Thayer installed is not a fixture. It is true that the biomass boiler was physically annexed to the building in which it was housed, and that the heating system was specifically adapted to the needs of the school. However, neither MSAD 61 nor WoodFuels intended that the system would become a permanent part of the realty. Their agreement was that the biomass heating system remained the property of WoodFuels at all times and that WoodFuels would remove the system and equipment upon termination of the agreement, restoring the school to its former condition. Consequently, the court did not err in concluding that WoodFuels's biomass heating system was not intended to become a permanent part of the school's property and was therefore not lienable by Thayer.

The entry is:

Judgment affirmed.