MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2014 ME 93
Docket:        Ken-13-448
Argued:        June 11, 2014
Decided:       July 17, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

THE COTE CORPORATION

v.

KELLEY EARTHWORKS, INC., et al.

MEAD, J.

[¶1] Kelley Earthworks, Inc. (Kelley), appeals, and The Cote Corporation (Cote) cross-appeals, from an amended summary judgment entered by the Superior Court (Kennebec County, *Murphy, J.*) awarding Cote a money judgment of $29,990, plus interest and attorney fees, in satisfaction of a mechanic's lien that the court found Cote held on Kelley's real property. Kelley contends that the court erred in (1) granting summary judgment to Cote after Kelley did not respond to either Cote's complaint or its motion for summary judgment; (2) awarding interest and attorney fees as part of the judgment; and (3) denying in part Kelley's motion for relief pursuant to M.R. Civ. P. 60(b), filed after the court entered a final judgment in favor of Cote. Cote, citing 10 M.R.S. § 3265 (2013), contends that the court erred in amending its original judgment by striking a provision ordering the sale of Kelley's real property to satisfy the mechanic's lien and instead awarding a

2

money judgment. Because we agree that the court erred in striking the provision of its order requiring a sale of the property, we vacate the judgment and remand for entry of an order for the sale of at least a portion of Kelley's land.

## I. BACKGROUND

[¶2]  In June 2012, Cote filed a mechanic's lien in the Kennebec County Registry of Deeds against real property owned by Kelley.  On August 9, Cote brought a complaint to enforce the lien against defendants Kelley and RC & Sons Paving, Inc. (RC), and party-in-interest Rent-It, Inc.  Only Kelley is a party to this appeal.[1]  Kelley's clerk/registered agent was served with the complaint on August 30.  The complaint alleged that Kelley leased land to RC, and that pursuant to a contract with RC, and with Kelley's consent, Cote constructed an asphalt plant on Kelley's land.  It further alleged that Cote worked on the project through April 2012 but was not paid in full.

[¶3]  Kelley did not respond to the complaint, and on November 9 the court entered its default.  In January 2013, Cote moved for summary judgment and requested an order that Kelley's property be sold to satisfy the lien.  Kelley did not respond to the motion, which the court granted on April 4.  It entered judgment for Cote in the amount of $29,990, plus interest and attorney fees, and ordered that the

---

[1]  RC defaulted and the court entered judgment against it.  It has not appealed.  Rent-It, Inc., filed a mechanic's lien against Kelley but failed to perfect it; the court found its lien to be "void and invalid."

property be sold to satisfy the judgment if it was not redeemed by Kelley within ninety days.

[¶4] On April 19, ten days after the judgment was entered on the docket, Kelley appeared for the first time and filed motions to set aside its default pursuant to M.R. Civ. P. 55(c) and for relief from the judgment pursuant to M.R. Civ. P. 60(b). Following a hearing, the court declined to set aside the default. It did, however, grant Kelley relief by treating its Rule 60(b) motion as a motion to alter or amend the judgment pursuant to M.R. Civ. P. 59(e), and striking its order to sell what Kelley represented was a property worth more than $1 million and awarding Cote a money judgment in its place.

[¶5] Kelley's appeal and Cote's cross-appeal followed.

## II. DISCUSSION

A.    The Summary Judgment Granted to Cote

[¶6] The statute governing the creation of a mechanic's lien provides, in the part relevant here, that

> [w]hoever performs labor or furnishes labor or materials . . . used in erecting, altering, moving or repairing a . . . building or appurtenances . . . by consent of the owner, has a lien thereon and on the land on which it stands and on any interest such owner has in the same, to secure payment thereof, with costs. If the owner of the building has no legal interest in the land on which the building is erected . . . the lien attaches to the building, and . . . may be enforced as provided.

10 M.R.S. § 3251 (2013).

4

[¶7]  Kelley contends that the court erred in finding that on the summary judgment record there was no genuine issue of fact concerning three of section 3251's requirements, namely that (1) Cote built the asphalt plant with Kelley's consent; (2) RC, the owner of the plant, had a legal interest in the Kelley land on which it was constructed; and (3) concerning the measure of damages, that Kelley's property was improved by Cote's work.

[¶8]  We will

> review the grant of a summary judgment de novo, viewing the summary judgment record in the light most favorable to the nonprevailing party to determine whether it demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  When, as here, the plaintiff has moved for summary judgment, the plaintiff has the burden to demonstrate that each element of its claim is established without dispute as to material fact within the summary judgment record.

*Cach, LLC v. Kulas*, 2011 ME 70 ¶ 8, 21 A.3d 1015 (quotation marks omitted).

Even when the nonmoving party's response is inadequate, or, as here, nonexistent, the moving party has the burden to show why summary judgment is appropriate:

> A moving party's factual assertions may not be deemed admitted because of an improper response unless those factual assertions are properly supported.  As we have explained, a party who moves for a summary judgment must properly put the motion and, most importantly, the material facts before the court, or the motion will not be granted, regardless of the adequacy, or inadequacy, of the nonmoving party's response.

*Id.* ¶ 9 (alteration, citation, and quotation marks omitted).

### 1.   Consent

[¶9]  Cote's mechanic's lien stated that the work it performed was done with Kelley's knowledge and consent.  Cote made the same assertion in its statement of material facts, and supported that statement with the affidavit of its controller, Daniel Gagne.  The affidavit was not challenged, and the statement of material facts was uncontroverted and is thus deemed admitted.  M.R. Civ. P. 56(h)(4).  Accordingly, in entering a summary judgment for Cote, the court had a sufficient basis to find that Kelley consented and therefore "Cote is entitled to Judgment . . . and is entitled to enforce its lien."  *See Platz Assocs. v. Finley*, 2009 ME 55, ¶ 24, 973 A.2d 743 ("[Defendant's] failure to respond to [plaintiff's] request for admission establishes as fact that [defendant] knew about and consented to the work. . . .").

### 2.   RC's Legal Interest in Kelley's Land

[¶10]   Kelley argues that the summary judgment record contained insufficient evidence to establish that RC had a "legal interest in the land on which the building is erected," 10 M.R.S. § 3251, a showing necessary to allow Cote's mechanic's lien to attach to the land and not just the asphalt plant itself.  Kelley did not raise that argument in its Rule 60(b) motion in the trial court.  Accordingly, it has waived the issue on appeal.  *See Thayer Corp. v. Me. Sch. Admin. Dist. 61*, 2012 ME 37, ¶ 4 n.4, 38 A.3d 1263.

6

[¶11]   Even if it were not waived, the argument fails because Cote's uncontroverted statement of material facts, supported by the unchallenged Gagne affidavit, states that the site of the plant was "owned by Defendant Kelley . . . and leased by RC."  Beyond the four corners of the summary judgment record, an affidavit executed by Peter Kelley, an officer of Kelley Earthworks, Inc., filed in support of Kelley's Rule 60(b) motion, states that "Kelley, Inc. entered into a lease with RC" and "[t]he lessee was to pay to Kelley Inc. rent of at least $80,000 per year."  Furthermore, the Rule 60(b) motion itself refers to "claimed acts of [Cote] on behalf of Kelley's lessee."  RC's leasehold interest is a sufficient "legal interest in the land" to support the court's judgment.  10 M.R.S. § 3251; *see Benham v. Morton & Furbish Agency*, 2007 ME 83, ¶ 17, 929 A.2d 471 ("It is clear that a lease conveys a possessory interest in the land to another for a period of time." (quotation marks omitted)); *Stewart v. Aldrich*, 2002 ME 16, ¶ 14, 788 A.2d 603 ("A bedrock principle of our jurisprudence has been that a lease . . . is equivalent to a conveyance for almost all purposes . . . ."); *Fischbach & Moore, Inc. v. Presteel Corp.*, 398 A.2d 397 (Me. 1979) (affirming a mechanic's lien filed against a building owner when the leaseholder arranged for work to be done with the owner's consent).

3.      Calculation of Damages

[¶12]  The uncontroverted statement of material facts states that Cote was owed $29,990 plus interest, costs, and attorney fees.  The Gagne affidavit reflects that amount, and it includes as an exhibit copies of invoices from Cote to RC.  The court, without comment, awarded Cote the amount that it requested in its entry of summary judgment and again in granting Kelley Rule 59(e) relief.[2]

[¶13]  A bill for the cost of improvements is evidence, albeit not dispositive evidence, of enhanced value to the property owner.  *A.F.A.B., Inc. v. Town of Old Orchard Beach*, 657 A.2d 323, 325 (Me. 1995).  Here, by failing to oppose Cote's motion for summary judgment, Kelley ensured that the invoices were the only evidence of damages.  "Although an award must be supported by some evidence of the amount of loss, damages need not be proved to a mathematical certainty."  *Graham v. Brown*, 2011 ME 93, ¶ 12, 26 A.3d 823 (quotation marks omitted).  The court did not err in relying on the only competent evidence of Cote's damages that was before it.

B.      Denial of Rule 60(b) Relief

[¶14]  Kelley contends that the court erred in denying it relief from summary judgment pursuant to Rule 60(b)[3] because Cote committed a fraud against the court

---

[2]  We have considered Kelley's argument that the court erred in awarding Cote interest and attorney fees as part of its judgment, find it to be unpersuasive, and do not discuss it further.

8

in several representations it made in its statement of material facts and in supporting documents. We review the denial of Rule 60(b) relief for an abuse of discretion that "works a plain and unmistakable injustice against the defendant." *In re David H.*, 2009 ME 131, ¶ 41, 985 A.2d 490 (quotation marks omitted).

[¶15] As an initial matter, the trial court did not find sufficient proof to conclude that Cote had worked a fraud against it, nor do we. In all of Kelley's pleadings, it does not dispute that Cote built an asphalt plant on land owned by Kelley. Furthermore, Kelley cannot meet its burden on this issue because "Rule 60(b) presupposes that a party has performed [its] duty to take legal steps to protect [its] own interests in the original litigation." *Id.* (quotation marks omitted); *see also McKeen & Assocs. v. Dep't of Transp.*, 1997 ME 73, ¶ 4, 692 A.2d 924 (same). By defaulting on Cote's complaint and then taking no steps to oppose summary judgment until ten days after a final judgment was entered, Kelley failed to protect its own interests. It was not a "plain and unmistakable injustice" for the

---

[3] Maine Rule of Civil Procedure 60(b) provides, in part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

trial court to hold Kelley to the consequences of that failure. *In re David H.*, 2009 ME 131, ¶ 41, 985 A.2d 490 (quotation marks omitted).

C.     Cote's Cross-Appeal

[¶16]   In its cross-appeal, Cote contends that the court was statutorily required to order a sale of Kelley's real property upon finding that Cote was entitled to enforce its mechanic's lien, and that it did not have the authority to amend the remedy to a money judgment. In striking its original order that the property be sold, the court found that (1) Kelley's equity argument, namely that its real property was worth more than $1 million, was insufficient to warrant setting aside Cote's lien altogether pursuant to Rule 60(b); but (2) that information did, pursuant to Rule 59(e),[4] warrant relief from a forced sale of the property. We review the amended judgment for "a clear and manifest abuse of discretion." *Ringuette v. Ringuette*, 594 A.2d 1076, 1078 (Me. 1991) (quotation marks omitted).[5] A court abuses its discretion if it enters a judgment contrary to a controlling statute. *See Scott v. St. Pierre*, 137 Me. 331, 331, 16 A.2d 473 (1940)

---

[4]   Maine Rule of Civil Procedure 59(e) concerns motions to alter or amend a judgment.

[5]   *Ringuette v. Ringuette*, 594 A.2d 1076 (Me. 1991), cited by the trial court as authority for its amended judgment, is distinguishable from facts presented here. In *Ringuette*, a divorce case, the court reopened the evidence and subsequently amended its divorce judgment. 594 A.2d at 1076-77. We affirmed, recognizing the divorce court's "wide discretion in determining a just division of marital property." *Id.* at 1078. Here, the issue is the remedy required by the mechanic's lien statutes, not the broad discretion of a divorce court.

("When . . . the case is barren of proof of the statutory requirements . . . the ruling below is one contrary to law and is an abuse of discretion.").

[¶17] We conclude that the mechanic's lien statutes require a sale of Kelley's property in order to satisfy Cote's lien, but they do not necessarily require a sale of the entire parcel. In its original judgment, the court ordered a sale pursuant to 10 M.R.S. § 3259 (2013). That section provides, in part:

> If it is determined that the parties or any of them . . . have a lien upon said building and land . . . the court may decree that said property . . . shall be sold, and shall prescribe the place, time, terms, manner and conditions of such sale. . . . If justice requires, the court may provide in the order of sale that the owner shall have a right to redeem the property from such sale within a time fixed in the order of sale. If the court shall determine that the whole of the land on which the lien exists is not necessary therefor, it shall describe in the order of sale a suitable lot therefor; and only so much shall be sold.

10 M.R.S. § 3259. After the sale of the entire property or "a suitable lot," *id.*, the statutory scheme then allows a money judgment to satisfy any remaining deficiency:

> If the proceeds of the sale after payment of costs and expenses of sale are insufficient to pay the lien claims and costs in full, the court may render judgment against the debtor in favor of each individual lienor for the balance of his claim and costs remaining unpaid, and may issue executions therefor.

10 M.R.S. § 3260 (2013).

[¶18] The plain language of the statutory scheme formed by sections 3259 and 3260 does not contemplate a money judgment as an alternative to the sale of

property subject to a lien; rather, a money judgment is authorized only when proceeds of the sale are insufficient to satisfy the lien. *See Hickson v. Vescom Corp.*, 2014 ME 27, ¶ 15, 87 A.3d 704 (stating that the Law Court "examine[s] the plain meaning of the statutory language seeking to give effect to the legislative intent" (quotation marks omitted)). This construction is supported by 10 M.R.S. § 3265, which is the statutory provision cited by Cote on its cross-appeal. That section provides that

> [w]hen a judgment is rendered in any action authorized by chapters 601 to 631[6] against any . . . building or appurtenances, . . . and the land on which it stands . . . said property shall be taken and sold on execution in the same manner that rights of redeeming mortgaged real estate may be taken and sold.

10 M.R.S. § 3265 (2013).

[¶19] Sections 3259 and 3265 both require a sale of property that is subject to a lien. *See Hickson*, 2014 ME 27, ¶ 15, 87 A.3d 704 (stating that the Law Court "construe[s] the whole statutory scheme of which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved" (quotation marks omitted)). Accordingly, the trial court abused its discretion in setting aside the remedy of a sale altogether and substituting a money judgment.

---

[6] 10 M.R.S. §§ 3201-4012 (2013).

[¶20] The court was, however, authorized to include in its judgment a right of redemption, as it did. Furthermore, going forward, it is authorized to partition off a "suitable lot" in lieu of ordering a sale of the entire property if it deems that course of action to be appropriate. In *Twin Island Dev. Corp. v. Ross*, we modified and then affirmed a judgment entered by the Superior Court finding that a mechanic's lien existed and ordering the debtor to segregate and sell a fifty-acre parcel of the property subject to the lien. 522 A.2d 901, 901-03 (Me. 1987). At the Superior Court's discretion, a similar remedy could be employed in this case to balance the requirements of the mechanic's lien statutes with the equities that the court found to exist.

The entry is:

> Judgment vacated. Remanded for entry of a judgment in favor of The Cote Corporation consistent with this opinion.

---

**On the briefs and at oral argument:**

C.H. Spurling, Esq., Gardiner, for appellant Kelley Earthworks, Inc.

Theodore Small, Esq., Isaacson & Raymond, P.A., Lewiston, for appellee The Cote Corporation