MAINE SUPREME JUDICIAL COURT                              Reporter of Decisions
Decision:     2015 ME 69
Docket:       And-14-365
Submitted
 On Briefs:   April 23, 2015
Decided:      May 21, 2015

Panel:        SAUFLEY, C.J., ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

GEORGE STANLEY

v.

TOWN OF GREENE

SAUFLEY, C.J.

[¶1]  George Stanley appeals from a judgment entered in the Superior Court (Androscoggin County, *MG Kennedy, J.*) dismissing Stanley's complaint against the Town of Greene and entering a default judgment in favor of the Town on its counterclaim seeking injunctive relief and fines due to Stanley's continued operation of a flea market without a license.  Stanley contends that the court abused its discretion in denying his motions (1) for a temporary restraining order pursuant to M.R. Civ. P. 65(a); (2) to set aside the entry of default pursuant to M.R. Civ. P. 55(c); (3) to continue pursuant to M.R. Civ. P. 40(c); (4) for relief from default judgment pursuant to M.R. Civ. P. 60(b); and (5) for reconsideration pursuant to M.R. Civ. P. 59(e).  Because we conclude that the court afforded Stanley every opportunity to protect his rights in proceedings that he initiated and

that had been pending for nearly two years, we conclude that the court did not abuse its discretion in denying Stanley's motions and affirm the judgment.

## I. BACKGROUND

[¶2] On March 5, 2011, the Town of Greene adopted its Flea Market Ordinance, which provides that anyone "who holds a flea market on more than four days in any twelve-month period anywhere in the Town of Greene shall obtain a license." Greene, Me., Flea Market Ordinance § 201 (March 5, 2011). George Stanley submitted one or more applications for a flea market license, none of which were approved because of deficiencies in his applications. Without the requisite license, and despite multiple notices of violation and orders for corrective action sent by the Town, Stanley continued to operate a flea market on his property in violation of the Ordinance. Stanley did not appeal from any of the denials of his applications to obtain a license.

[¶3] In June 2012, Stanley filed a complaint against the Town alleging that the Town was interfering with his flea market business on his property by denying him a license. *See id.* Stanley simultaneously moved for the entry of a temporary restraining order against the Town. The court denied Stanley's motion for a temporary restraining order, concluding that Stanley had failed to show irreparable harm or any likelihood of success on the merits of his claim.

[¶4]  The Town moved for a more definite statement pursuant to M.R. Civ. P. 12(e), which the court granted.  Thereafter, Stanley filed multiple "more definite statements," none of which plead the elements of any cognizable legal theory.  The Town moved to dismiss Stanley's complaint in March 2013.  While the Town's motion was pending, in May 2013, it served a counterclaim against Stanley by mail, seeking injunctive relief and fines for Stanley's continued operation of his unlicensed flea market in violation of the Ordinance.  Stanley failed to answer the Town's counterclaim in the timeframe required by court rules. *See* M.R. Civ. P. 5(b), 6(c), 12(a).  The Town requested an entry of default, and the clerk entered default against Stanley on July 2, 2013.  The Town then moved for entry of a default judgment on July 3, 2013.  Between July 8 and July 24, 2013, Stanley filed (1) an "answer to the countersuit," (2) a motion for a temporary restraining order, (3) a motion to dismiss the Town's counterclaim, (4) a "prayer for relief," and (5) a motion to "remove" default.  The Town opposed Stanley's motions.

[¶5]  In September 2013, the court held a hearing on all pending motions. The Town was represented by counsel at the hearing; Stanley attended the hearing but did not have the assistance of an attorney.  The hearing was continued so that Stanley could seek legal counsel.  In February 2014, the hearing was continued twice more before being finally rescheduled for March 25, 2014.

[¶6] On March 12, 2014, when the matter had been pending for almost two years, Stanley again moved to continue the case (for up to eight weeks), stating that he was in a hospital in New Hampshire and was incapacitated. The Town opposed the continuance. The court granted Stanley's continuance "*only* . . . if proof of medical incapacity (signed and dated by treating physician) is received prior to court hearing on 3/25/14." The court did not receive any proof of Stanley's medical incapacity by March 25, and his request for a continuance was thereafter denied.

[¶7] Stanley did not appear at the March 25 hearing. The court orally granted the Town's motions to dismiss Stanley's complaint and for default judgment on its counterclaim.

[¶8] Stanley did not ever submit a physician's statement of medical incapacity. On April 11, 2014, the court received a letter from an *administrator* at the Country Manor Nursing Home in Maine stating that Stanley was admitted on March 15, 2014, and was being treated for "disorders of the back/lumbago."

[¶9] On April 14, 2014, the Superior Court entered a judgment dismissing Stanley's complaint; denying Stanley's motions to set aside default, for a temporary restraining order, and to dismiss the Town's counterclaim; and granting the Town's motion for default judgment on its counterclaim. The judgment ordered Stanley to cease the operation of his flea market until he complied with all

of the provisions of the Ordinance; imposed a $5,000 fine against Stanley, but suspended the fine so long as Stanley ceases the operation of his flea market in compliance with the court's order; and awarded $12,443 in attorney fees and $200 in costs to the Town. *See* 30-A M.R.S. § 4452(3)(D) (2014).

[¶10]  On April 17, 2014, Stanley filed a motion "to vacate, extend, continue, appeal," followed on April 18 by a motion to reconsider. After the court held a hearing in August 2014, it denied Stanley's motions. Stanley filed another motion to reconsider, which was again denied, and he appealed pursuant to 14 M.R.S. § 1851 (2014) and M.R. App. P. 2.

## II.  DISCUSSION

[¶11]  In essence, Stanley argues that he was treated unfairly because he was not afforded a hearing on the Town's counterclaim and that he had a good excuse for failing to respond to (1) the Town's counterclaim within the timeframe established by the Maine Rules of Civil Procedure and (2) the court's instructions to provide it with proof of medical incapacity by the rescheduled hearing date.

[¶12]  We review the court's denial of the motions at issue for an abuse of discretion.[1]  *See Bangor Historic Track, Inc. v. Department of Agric.,* 2003 ME 140, ¶ 11, 837 A.2d 129 (motion for a temporary restraining order); *Richter v.*

---

[1]  We do not address the other motions Stanley presented to the court. Although Stanley's brief states that he is appealing "all denials of motions in case," we decline to reach issues that are not fully briefed.

6

*Ercolini*, 2010 ME 38, ¶ 15, 994 A.2d 404 (motion to set aside entry of default); *Key Bank of Me. v. Walton*, 673 A.2d 701, 703 (Me. 1996) (motion for relief from default judgment); *Wright & Mills v. Bispham*, 2002 ME 123, ¶ 13, 802 A.2d 430 (motion to continue); *Ten Voters of Biddeford v. City of Biddeford*, 2003 ME 59, ¶ 11, 822 A.2d 1196 (motion for reconsideration).

[¶13] With regard to Stanley's request for a temporary restraining order, he failed to articulate to the court specific facts demonstrating that immediate and irreparable injury would result if he was not granted a temporary restraining order. *See* M.R. Civ. P. 65(a). "Irreparable injury is defined as injury for which there is no adequate remedy at law." *Bangor Historic Track, Inc.*, 2003 ME 140, ¶ 10, 837 A.2d 129 (quotation marks omitted). Although Stanley raised generalized arguments about "idle threats" and "gross abuse of powers," there is no evidence in the record to support a finding of irreparable injury. The court did not abuse its discretion in denying Stanley's motion for a temporary restraining order.

[¶14] Regarding the entry of default and resulting default judgment, there is nothing in the record before us to suggest that Stanley presented facts demonstrating a meritorious defense to the Town's counterclaim that he was operating an unlicensed flea market on his property in violation of the Ordinance.[2]

---

[2] Stanley did not provide us with transcripts of the hearing on his motion to set aside default and the Town's motion for a default judgment, or of the hearing on his post-judgment motions.

*See Sheepscot Land Corp. v. Gregory*, 383 A.2d 16, 24 (Me. 1978) ("The mere assertion that such a meritorious defense does exist is insufficient to support a motion to set aside a default entry or default judgment."). Therefore, the court did not abuse its discretion in denying Stanley's motions to set aside the default or for relief from default judgment. *See Levine v. KeyBank Nat'l Ass'n*, 2004 ME 131, ¶ 20, 861 A.2d 678 ("The good excuse and the meritorious defense requirements are two distinct components, both of which must be satisfied in order to prevail on a Rule 55(c) motion." (quotation marks omitted)); *Ezell v. Lawless*, 2008 ME 139, ¶ 22, 955 A.2d 202 ("To obtain relief from a default judgment under Rule 60(b)(1) for excusable neglect, a party must show . . . a meritorious defense to the underlying action.").

[¶15]  Nor did the court exceed its discretion when it denied Stanley's motion to continue the March 25 hearing. Because the matter had been pending for a significant amount of time and the court had previously continued the hearing in February 2014, the court acted well within its discretion by conditionally granting Stanley's March 2014 motion for another continuance "*only* . . . if proof of medical incapacity (signed and dated by treating physician) is received prior to court hearing on 3/25/14." Stanley did not provide the court with the necessary documentation by the required date; Stanley's treating physician did not sign the documentation that was eventually submitted to the court in April 2014; and the

document submitted did not demonstrate Stanley's "medical incapacity." Therefore, the court did not abuse its discretion in denying Stanley's motion for a continuance. *See Wellstone Partners v. J&M Constr. Co.*, 581 A.2d 789, 792 (Me. 1990).

[¶16] Finally, Stanley argued in his motion for reconsideration that an injustice had occurred because he was not afforded a hearing on the merits of the Town's counterclaim. His "missed opportunity," however, was a direct result of his own failure to attend to the case and respond to the counterclaim. Stanley argues that the court should have "cut him some slack," and, indeed, the court did so when it interrupted the September 2013 hearing to allow Stanley to obtain an attorney, when it continued that hearing again in February 2014, and when it agreed to allow a further continuance if Stanley presented credible evidence of a medical condition preventing his attendance. Despite all of these opportunities, Stanley failed to appear at the March 25 hearing or provide the necessary medical statement. Furthermore, the court suspended the $5,000 fine imposed by the judgment so long as Stanley immediately ceased operations of his unlicensed flea market. Therefore, the court did not abuse its discretion in denying Stanley's motion for reconsideration when Stanley failed to take the necessary steps to protect his own interests in the litigation and the court held him to the

consequences of that failure. *Cf. Cote Corp. v. Kelley Earthworks, Inc.*, 2014 ME 93, ¶ 15, 97 A.3d 127. No injustice is demonstrated on this record.

The entry is:

Judgment affirmed.

---

**On the briefs:**

George Stanley, appellant pro se

Michael Hodgins, Esq., Bernstein Shur, Augusta, for appellee Town of Greene

Androscoggin County Superior Court docket number CV-2012-96
FOR CLERK REFERENCE ONLY