STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-379

CORIANDER PORTER,

        Plaintiff

v.

        ORDER

TIMOTHY STAFFORD,

REC'D CUMB CLERKS OF
JUN 27 '17 AM10:24

        Defendant

The court held a hearing on June 8 and 20, 2017 in the above-captioned case to consider the damages to be awarded to plaintiff Coriander Porter for future medical expenses, pain and suffering, emotional distress, loss of enjoyment of life, and punitive damages. Ms. Porter was represented by counsel. Defendant Timothy Stafford represented himself.

Liability for compensatory and punitive damages was previously determined based on Porter's unopposed motion for summary judgment.

The court finds as follows:

1. Ms. Porter is entitled to $10,000 for future therapy to address the emotional trauma she experienced.[1]

2. Ms. Porter did not receive any significant physical injury in the assault. She is entitled to $2,500 for physical pain and suffering inflicted by the assault.

---

[1] None of the evidentiary issues that remained unresolved at the conclusion of the hearing alter the court's findings as to damages. While Plaintiff's Ex. 1 (Popova notes) would be admissible as a medical record if certified, Stafford objected and no certification was obtained. Plaintiff's Ex. 2 (Cone letter) is a nature of a hearsay expert opinion, which cannot be admitted over Stafford's objection. Nevertheless, the court accepts Porter's testimony that she intends to pursue therapy and the cost that has been quoted to her, to which no objection was made, and finds that she has proven the need for such therapy regardless of whether she has a formal PTSD diagnosis.

3. Notwithstanding the absence of significant physical injury, the court finds credible the testimony of Ms. Porter that she suffered extreme and severe emotional distress at the time of the assault. She feared for her life then and frequently relives that experience and that fear now.

4. The court also finds credible the testimony of Ms. Porter and the other witnesses her counsel presented that the assault by Stafford – against the backdrop of a relationship that had become increasingly emotionally abusive and marked by threats of violence as Ms. Porter began to extricate herself – has had an extremely severe and lasting psychological effect on Ms. Porter, resulting even two and one-half years after the assault in significant changes in her personality, anxiety, hypervigilance, self-imposed isolation and withdrawal, and inability to engage in activities that used to provide her with joy and satisfaction.

5. These effects are continuing. The evidence with respect to Ms. Porter's prior life suggests that she is a sufficiently strong person and has sufficient resilience to eventually put this behind her, but that has not happened yet and will not happen in the immediate future.

6. Accordingly, Ms. Porter is awarded $185,000 in damages for past, present, and future emotional distress and loss of enjoyment of life.

7. Ms. Porter has previously been awarded $7800 in compensatory damages for past medical expenses and lost earnings. Adding that amount to the compensatory damages determined above, Ms. Porter is awarded a total of $ 205,300 in compensatory damages.

8. As noted above, Mr. Stafford has previously been found to have engaged in conduct that was either malicious or so outrageous that malice may be presumed, entitling Ms. Porter to punitive damages. All the evidence at the damages hearing reinforced a finding by clear and convincing evidence that the conduct was sufficiently malicious and outrageous to warrant

2

punitive damages. Mr. Stafford has shown absolutely no remorse for his actions and no appreciation of the harm he caused.

9. Evidence was offered with respect to Mr. Stafford's financial circumstances and ability to pay. For the reasons explored in the cross-examination conducted by counsel for plaintiff, the court does not accept that Mr. Stafford has almost no present or future ability to pay.

10. The court has taken into account that Mr. Stafford has already received some punishment as a result of his criminal conviction and has considered whether the imposition of punitive damages will serve a meaningful deterrent function. *See Hanover Insurance Co. v Hayward*, 464 A.2d 156, 159 (Me. 1983). Given the reprehensible nature of Mr. Stafford's conduct and his continuing lack of remorse, the court concludes that a significant award of punitive damages is appropriate in this case as a sanction and to deter similar conduct in the future. The court finds that an award of $185,000 in punitive damages bears a reasonable relationship to the harm suffered by Ms. Porter.

The entry shall be:

1. Final judgment shall be entered in favor of plaintiff Coriander Porter and against defendant Timothy Stafford in the amount of $ 205,300 in compensatory damages and $185,000 in punitive damages, with costs. Prejudgment interest shall be applied from the date the complaint was filed to the date judgment is entered at 3.65%. Post judgment interest shall run at 6.87%.

2. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: June __27__, 2017

Thomas D. Warren
Justice, Superior Court

3

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-379

CORIANDER PORTER,

Plaintiff

v.                                                              ORDER

RE          D

TIMOTHY STAFFORD,

Defendant

Before the court is a motion by plaintiff Coriander Porter for summary judgment.

Defendant Timothy Stafford has not filed any opposition to the motion, but the Law Court has ruled that, even where no opposition has been filed, courts are nevertheless required to review the statement of material facts submitted by a party moving for summary judgment to determine whether the material factual assertions are properly supported. *See Cote Corp. v. Kelley Earthworks Inc.,* 2014 ME 93 ¶ 8, 97 A.3d 127.

The court has reviewed the motion and the statement of material facts, which is properly supported by Porter's affidavit, by the admissions of Stafford based on his failure to respond to Porter's request for admissions within 30 days or at any time thereafter,[1] and by Stafford's criminal conviction for assaulting and threatening Porter. Accordingly, summary judgment is granted in favor of Porter and against Stafford, finding Stafford liable for assault, battery, false imprisonment, and intentional infliction of emotional distress (IIED).

---

[1] Stafford has apparently also failed to respond to a request for production of documents and a request by plaintiff's counsel to provide dates when Stafford could be deposed.

Porter's complaint also contains a claim for negligent infliction of emotional distress, but she is entitled to obtain damages for emotional distress on her other claims. The court does not find in the summary judgment record any basis to conclude that Stafford was acting negligently.

On Porter's claim for punitive damages, the court also finds that the summary judgment record establishes that Stafford was acting with malice toward Porter and/or that his actions were so outrageous that malice may be implied.

On the issue of damages, Porter is entitled to partial summary judgment on her claim for medical expenses of $5300 and lost wages of $2500.

However, determinations of the amount of damages due to Porter for emotional distress and the punitive damages to be assessed on Stafford are unsuited for summary judgment. Porter's affidavit establishes that she was subjected to severe emotional distress that is sufficient to prove Stafford's liability for IIED. Without an evidentiary hearing, however, the court cannot adequately determine what amount of damages for pain, suffering, and emotional distress and what amount of punitive damages should be assessed.

Accordingly, the clerk shall schedule a damages hearing, which may if possible be held during the next trial term. Counsel and the parties shall submit by April 24, 2017 any requested protections for the period May 15 through June 30.

The entry shall be:

1.     Plaintiff Coriander Porter's unopposed motion for summary judgment is granted in part.

2.     Defendant Timothy Stafford is determined to be liable for assault, battery, false imprisonment, intentional infliction of emotional distress, and punitive damages.

2

3.     Judgment shall be entered against Stafford for $5300 in medical expenses and $2500 in lost wages.

4.     A hearing shall be held to assess damages for pain, suffering, emotional distress, and punitive damages.

5.     The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April ___11___, 2017

Thomas D. Warren
Justice, Superior Court