STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. CV-21-0111

SHAWN MCBREAIRTY,                    )
                                    )
                                    )
          PLAINTIFF,                )
                                    )                    ORDER
                                    )
    v.                              )
                                    )
JEFF PORTER et. al,                 )
                                    )
          DEFENDANTS.               )
                                    )

REC'D CUMB CLERKS OFC
JAN 10 '22 AM8:35

Before the court is Defendants Jeff Porter, Scott Poulin, Tyler McGinley, and Maine School Administrative District 51's (collectively "Defendants") unopposed Motion for Summary Judgment. For the reasons set forth herein, the Defendants' Motion is granted.

At the outset, the court notes that when a Motion for Summary Judgment is unopposed, it must still engage in a careful review of the moving party's statements of material fact to ensure all material facts are supported by the record. *See Cote Corp. v. Kelley Earthworks Inc.*, 2014 ME 93, ¶ 8, 97 A.3d 127.

## FACTUAL BACKGROUND

The Plaintiff in this action, Shawn McBreairty ("McBreairty" or "Plaintiff"), is a resident of Cumberland, Maine and therefore lives in the area designated as Maine School Administrative District ("MSAD") 51. (Defendants Statement of Material Facts ("Defs.' S.M.F.") ¶ 1.) MSAD

51 is a Defendant in this action, as is the district's Superintendent, Jeff Porter ("Porter"), the district's Public Access Officer and Director of Finance, Human Resources and Operations, Scott Poulin ("Poulin"), and the Chair of MSAD 51's Board of Directors Tyler McGinley ("McGinley"). (Defs.' S.M.F. ¶¶ 3-5.)

McBreairty is an engaged citizen of MSAD 51, filing approximately fifty Freedom of Access Act ("FOAA") requests with the district between June 5th, 2020 and February 15th, 2021. (Defs.' S.M.F. ¶¶ 6-7.) Many of these requests contained multiple sub-requests within them. (Defs.' S.M.F. ¶¶ 6-7.) At issue here are two particular requests that McBreairty filed via email, one on December 29th, 2020 ("December 29th Request") and one on February 14th, 2021, ("February 14th Request"). (Defs.' S.M.F. ¶¶ 12, 15.)

The December 29th Request was sent via an email with a subject line that read "Critical Race Theory training," and in sum, sought a multitude of information relating to the District's professional development program and in school projects that related to racial "equity." (Defs.' S.M.F. ¶ 12.) This included a request for all district expenditures related to "systemic racism training" and other training offered by "Community Change, Inc.," as well as a number of curriculum based requests for materials being provided to students in furtherance of MSAD 51's equity efforts. (Defs.' S.M.F. ¶ 12.) The February 14th Request asked MSAD 51 to "provide for inspection," all draft materials and work done on an equity policy being reviewed and created by Ann Maxymowicz for MSAD 51." (Defs.' S.M.F. ¶ 15.) It also requested information pertaining to "the email grouping equitylsc@msad51.org." (Defs.' S.M.F. ¶ 15.)

After receiving both requests, Poulin, MSAD 51's Public Access Officer, estimated that he could complete the Plaintiff's December 29th Request with nine hours of work and his February 14th Request with four hours of work. (Defs.' S.M.F. ¶ 17.) Accordingly, Poulin

2

originally provided the Plaintiff with a short time frame for fulfillment of his requests. (Defs.' S.M.F. ¶ 17.) After further consideration, Poulin determined that fulfilling these requests would require much more work than originally anticipated, including, but not limited to, cross departmental communication with information technology employees, district teachers, and various school board members. (Defs.' S.M.F. ¶¶ 19-20.) Considering the additional amount of time that fulfilling these requests would take, especially in light of Poulin's normal duties, Poulin sent a letter to McBreairty informing him that the requested documents would likely not be provided to him until July 15th, 2021. (Defs.' S.M.F. ¶¶ 25-26.) As of July 6th, 2021, the Plaintiff's December 29th and February 14th requests had been responded to in full. (Defs.' S.M.F. ¶ 33.)

On March 24th, 2021, frustrated by the failure to receive the requested information in his preferred time frame, the Plaintiff filed suit, *pro se*, in Cumberland County Superior Court. He claimed his FOAA requests had been effectively denied and asked for an order from this court ordering MSAD 51 and the other named defendants to comply with his requests pursuant to 1 M.R.S. § 409. McBreairty also sought to have his appeal of MSAD 51's alleged denials "advanced on the docket." *Id.* The Defendants filed an answer through counsel on June 9th, 2021.[1] On October 20th, 2021, the Defendants moved for summary judgment and the Plaintiff failed to file a response.

## STANDARD OF REVIEW

---

[1] In an attempt to serve the Defendants with his complaint, the Plaintiff sent them a copy of the complaint via certified mail. On April 29th, McBreairty wrote the court, asking the court to enter a default judgment because the Defendants had yet to respond. On May 10th, 2021, this court issued an order appreciating that the Plaintiff was *pro se*, but noting that his attempt at serving the Defendants fell short of Maine Rule of Civil Procedure 4(c)'s requirements. Accordingly, the court granted McBreairty leave to properly serve the Defendants.

3

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). A material fact is one capable of affecting the outcome of the litigation. *Savell v. Duddy*, 2016 ME 139, ¶ 19, 147 A.3d 1179. A genuine issue exists where the jury would be required to "choose between competing versions of the truth." *MP Assocs. v. Liberty*, 2001 ME 22, ¶ 12, 771 A.2d 1040. To survive a defendant's motion for summary judgment, the plaintiff must establish a prima facie case for every element of the plaintiff's cause of action. *See Savell*, 2016 ME 139, ¶ 18, 147 A.3d 1179. When a summary judgment motion is unopposed, the court must still determine that all material facts relied on by the moving party are adequately supported by the summary judgment record and that no genuine issue of material fact exists as to any of the asserted claims. *See Cote Corp.*, 2014 ME 93, ¶ 8, 97 A.3d 127.

## DISCUSSION

The Defendants' seek summary judgment on two alternative theories. First, they claim that the Plaintiff's request for an order directing the defendants to fulfill the Plaintiff's two FOAA requests is Moot because Poulin completed the requests on July 6th, 2021. In the alternative, the Defendants claim that because Poulin supplied McBreairty with a good faith and reasonable estimate for satisfaction of his requests, he complied with 1 M.R.S § 408 as a matter of law. Because the court agrees that the Plaintiff's claims are now moot, it does not consider the Defendants' alternative theory.

The Defendants claim they are entitled to summary judgment because the fulfillment of McBreairty's December 29th Request and his February 14th Request on July 6th, 2021, renders his claims seeking a court order to provide the requested documents moot. This court agrees.

Although a doctrine concerning standing, a prerequisite to the jurisdiction of this court, an allegation that an underlying claim is moot may serve as a basis for granting summary judgment. *See, e.g.*, *Doe v. Williams*, No. CV-06-113, 2011 Me. Super. LEXIS 162, at *30 (Aug. 18, 2011) (granting summary judgment motion in part because claims were moot and court could not provide any effective relief); *Prudential Home Mortgage v. Gray*, No. CV-93-499, 1996 Me. Super. LEXIS 243, at *7 (July 26th, 1996) (granting summary judgment on count III of the plaintiff's complaint because the claim was moot); *see also Mennealy v. Healthsource Maine Inc.*, No. CV-99-228, 2001 Me. Super. LEXIS 138, at *11 ("The mootness . . . issues raised . . . in this motion are more properly addressed in a motion for summary judgment").

"Mootness 'is the doctrine of standing set in a time frame: The requisite personal interest that existed at the commencement of litigation (standing) must continue throughout its existence (mootness).'" *Ten Citizens of the Town of Biddeford v. Town of Biddeford*, 2003 ME 59, ¶ 5, 822 A.2d 1196. Courts analyze "mootness by examining the record to determine 'whether there remain sufficient practical effects flowing from the resolution of the litigation to justify the application of limited judicial resources.'" *Id.* (quoting *Lewiston Daily Sun v. Sch. Admin. Dist. No. 43*, 1999 ME 143, ¶ 14, 738 A.2d 1239). "A dispute loses its controversial vitality when a decision by this court would not provide [a litigant] any real or effective relief." *Id.* ¶ 6 (quoting *Int'l Paper Co. v. United Paperworkers Int'l Union*, 551 A.2d 1356, 1360-61 (Me. 1988)).

There are three recognized exceptions to mootness that allow a court to hear a suit even if the claims are now without controversy. *Clark v. Hancock County Comm'rs*, 2014 ME 33 ¶ 13, 87 A.3d 712. Those exceptions are as follows: (1) sufficient collateral consequences will result from the determination of the questions presented so as to justify relief; (2) the appeal contains questions of great public concern that, in the interest of providing future guidance to the bar and

public, the court may address; or (3) the issues are capable of repetition but evade review because of their fleeting or determinate nature. *Id.*

Here, the provision of the requested documents to McBreairty, a material fact that is supported by the record and without dispute, renders McBreairty's complaint moot. The summary judgment record before this court establishes that Poulin, MSAD 51's Public Access Officer, provided McBreairty with the materials he requested on December 29th, 2020, and February 14th, 2021, as of July 6th, 2021. Accordingly, a decision by this court giving the Plaintiff his requested Section 409 order would not give him any real or effective relief.

Additionally, none of the exceptions to the Mootness doctrine apply here. No sufficient collateral consequences will result from deciding whether McBreairty is entitled to a court order for his request, the appeal of MSAD 51's alleged denial does not contain questions of great public concern, and no evidence has been presented that the issues raised by the Plaintiff are capable of repetition.

## CONCLUSION

For the reasons set forth herein, the Defendant's Motion for Summary Judgment is GRANTED.

The Clerk is directed to incorporate this order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 1/7/22

Thomas R. McKeon
Justice, Maine Superior Court